JACOB ARMSTRONG, Plaintiff in Error, *v.* R. A. MOCK, Defendant in Error.

### ERROR TO MENARD.

Proceeding to trial without a formal issue, is, after verdict, treated as a waiver of the plea or issue.

Exceptions to the refusal of the court to give instructions, must be taken at the trial, and this must be shown by the record, or this court will not examine them.

THIS was an action of replevin, commenced by Mock *vs.* Armstrong, in the Circuit Court of Menard county, at the May term thereof, 1855, for one hundred and forty-one head of cattle. The affidavit for the replevin and the declaration are in the usual form of taking and detention, and, to the declaration, the defendant filed several pleas, to-wit: that defendant did not take— that defendant did not detain—property out of plaintiff, and in defendant—property in defendant alone. There was issue proved on three of these pleas, but not to the fourth one. A jury was called, and found for the plaintiff. The defendant made a motion for a new trial, which was overruled by the court.

This cause was heard before WOODSON, Judge, at May term, 1855, of the Menard Circuit Court.

LINCOLN and HERNDON, for Plaintiff in Error.

STUART and EDWARDS, and A. BROOKS, for Defendant in Error.

SCATES, C. J. The parties went to trial without a formal joinder of issue on the fourth plea. The substance of the plea was property in defendant below, plaintiff here. The third plea put the same fact in issue. Proceeding to trial without a formal issue, is, after verdict, treated as a waiver either of the issue or the plea; and verdict will not be set aside, if there were no plea. *Brazzle et al.* v. *Usher*, Breese R. 14; *Ross et al.* v. *Reddick*, 1 Scam. R. 74. It is based upon the supposition, and doubtless founded in truth, that the real merits in controversy

have been tried and determined. But this reason would not apply, and the rule is otherwise in cases of immaterial issues. *Woods* v. *Hynes*, 1 Scam. R. 103.

The instructions given at the instance of plaintiff below, although excepted to at the time, are not assigned for error. Those asked by defendant below, have been assigned for error, but no exception to their refusal was taken at the trial.

The court have repeatedly held, that the exception must be taken on the trial, and that fact must appear on the face of the record. 3 Scam. R. 17, 23, 63 ; 5 Gil. R. 453 ; 11 Ill. R. 72 ; 1 Scam. R. 252.

No question is, therefore, presented for revision in this record.

*Judgment affirmed.*