McCully et al. *v.* Silverburgh.

GEORGE McCULLY *et al.*, Plaintiffs in Error, *v.* MORRIS P. SILVERBURGH, Administrator, etc., Defendant in Error.

### ERROR TO JO DAVIESS.

A *similiter* to a plea concluding to the country, may be added by the defendant, and if the parties proceed to trial without objection, the plaintiff is held by it; and the defendant cannot object that the *similiter* is unsigned.

In an action by an administrator against three, if one pleads a separate plea of set-off against the administrator in person, it may be treated as a nullity, and it is no objection that the court proceeded to the trial of the case without an issue upon such a plea. If a verdict should be found in favor of such a plea, it should be disregarded in the rendition of the judgment.

A note given in the name of Moses, to Morris P. S., which is still legible, though somewhat marked, and reads as originally designed, was properly considered by the court in estimating and finding its judgment.

THIS declaration contained several counts.

1st count—On note payable to Morris P.

2d count—On note made to plaintiff *by the name and addition of Moses P.*, administrator, etc.; plaintiff avers he is the same person mentioned as the payee.

3d count—Money count for interest.

4th count—Work and labor; materials, goods, wares and merchandise; money had and received; money lent; amount due on an accounting.

Lamar and Strakey file the general issue.

McCully demurs to the first and second counts.

Plea of general issue to the third and fourth counts that he did not undertake, etc., and plea of set-off to said third and fourth counts, that plaintiff was indebted to defendant in $1,000 as administrator, as aforesaid, for work, etc., by him and his servants done for plaintiff, *not an indebtedness to all the defendants.*

No replication to plea of set-off.

The demurrer by McCully to first and second counts was overruled.

Trial by the court—jury waived.

The court finds all the issues for plaintiff and assesses damages, etc.

BILL OF EXCEPTIONS.—On the trial plaintiff offered note. Objected to by defendant on the ground of variance, and because it appeared to have been altered.

Slickley testified that he drew the note to Moses P.; that he thought his name was Moses; note was given to plaintiff who was the administrator, etc.

Whatever appearance of alteration there was, was made after its execution, not made by witness, nor did he know by whom made.

Note given for goods purchased by defendants on part payment thereof. Goods were sold for about $8,000.

M. Y. Johnson testified that he once thought that plaintiff's name was Moses; once took a case to supreme court in which plaintiff was party by that name, and had judgment affirmed in that name; did not learn otherwise for years after.

J. N. Jewitt testified, that when the note came to his hands, the appearance of note on its face, as to alteration, was then as now.

The note offered in evidence was admitted.

The above was all the evidence.

There was a judgment against all the defendants. Exception to the finding of the court.

Court found on inspection of note that it read *Moses* and not *Morris*, and it was agreed by the parties that the original note be attached by clerk to bill of exceptions as part thereof, and go to supreme court for their inspection and examination, etc.

This cause was tried by SHELDON, Judge, at March term, 1856, of the Jo Daviess Circuit Court.

A. L. CUMMINGS, for Plaintiffs in Error.

LELAND and LELAND, for Defendant in Error.

CATON, J. The objection that the *similiter* was not added to the plea of the general issue, is not founded on fact. The *similiter* appears by the record to have been added, though not signed by the plaintiffs' attorneys. This was not necessary. The defendant may add the *similiter* to his plea concluding to the country, which forms a good issue, if not stricken out or objected to by the plaintiffs' attorney. If he goes to trial upon such an issue, he is held to have adopted the act of the defendant's attorney, who is precluded from objecting to the want of the signature of the plaintiffs' attorney.

Nor is there anything in the objection that no issue was formed upon, or disposition made of McCully's separate plea of set-off. The plea was, in fact, a nullity and really had nothing to do with the case. The action was by an adminis-

trator, as such, against three defendants. The plea shows an indebtedness from the plaintiff below, for work and labor, etc., to one of the defendants, which he offered to set off against the claim sued for in behalf of an intestate estate, in two of the counts of the declaration, against the pleader and two other defendants, jointly. The plaintiff and the court were well justified in treating this as a sham plea by taking no notice of it. Had issue been taken on this plea and a verdict sustaining it, been found, it would have been the duty of the court to have disregarded that portion of the verdict and rendered judgment for the plaintiff below.

The only remaining question is, whether the court erred in deciding that the note had not been altered in a material part after its execution and delivery. By the agreement of the parties the original note has been brought up for our inspection, and has been examined by us in connection with the evidence on the point, and we unhesitatingly agree with the circuit court, that there has been no such alteration of the note as is alleged. The proof clearly shows that the note was drawn payable to Moses P. Silverburgh, and delivered to the plaintiff as payee, but that his real name is Morris P. Silverburgh. The original note still reads *Moses*, and can be read in no other way. Every letter in that word is still distinct as originally made. There is a scratch over the letter s, in that word, and a dot over the letter e, but admitting that these marks have been made on the paper since the note was made, and they do not alter its reading in the least. As before remarked, it still reads Moses and cannot be made to read Morris, or any other name. Had the marks alleged to have been made on the paper, been such as to have made it liable to be read differently than as originally written, the court would have been justified in finding that the note had been altered. As it is, we think the question of alteration was properly decided.

The judgment must be affirmed.

*Judgment affirmed.*