SMITH et al. *v.* CISSON.

PRACTICE — *exception to ruling of court.* Error cannot be assigned upon the ruling of the court in giving an instruction to the jury, unless an exception to such ruling was entered at the time it was made.

EVIDENCE *as to identity of parties is for the jury.* Whether witnesses who use the surnames of parties to the suit refer to the parties, or to some other persons of the same name, is a question for the jury. If there is a doubt as to the identity of a person named by a witness, it is easily solved upon cross-examination, and, if the party, in whose favor the doubt will operate, fails to apply the test, there is strong ground for believing that he does not desire to dissipate the doubt.

PRESUMPTION *in support of judgment of court below.* In an action against two defendants named Smith, the record did not disclose whether the parties were sued as copartners or otherwise. At the trial the defendants put in an account in which they used the name of " Smith Bro.," and a receipt in which they were styled " P. Smith & Co." Upon this evidence it will be presumed that the defendants were sued as copartners.

COPARTNERS *are bound by the act of one.* A contract by one of several copartners, in relation to the partnership business, is binding upon the firm.

NEW TRIAL — *where evidence is conflicting.* Where evidence is conflicting, and there is evidence upon which the verdict may stand, a new trial will not be granted, although another verdict might well have been given.

*Appeal from District Court, Clear Creek County.*

AT the trial below counsel for appellant asked for an instruction to the jury which the court declined to give, but no exception was taken to the ruling of the court.

Appellee sued appellants before a justice of the peace, and filed an account for three months' rent of a blacksmith shop, amounting to $45, and for work done as a blacksmith, amounting to $19.25, and also for damages in respect to the non-fulfillment of a contract relating to the rent of a blacksmith shop and tools, amounting to $269.50 ; the defendants put in an account for board, cash and other items, amounting to $155 ; in this account the defendants were styled " Smith Bro." The defendants also put in a receipt, covering several small sums of money, in which the defendants were styled "P. Smith & Co." At the trial the plaintiff called Richard Rose who testified : I was called

to witness a bargain between Mr. Smith and Cisson. Smith rented shop and tools to Cisson for $15 per month; Cisson to sharpen mining tools for Smith, and, as part of the consideration, to keep the shop open for the accommodation of the public, that the reputation of the shop might not go down. Cisson was to have the shop until the first of March; contract was made in the last of October or first of November, A. D. 1866; Cisson was to sharpen the mining tools of Smith; it was mentioned such tools as Mr. Smith or his brother might use prospecting or other mining tools. There was an account between Mr. Smith and Cisson, in which Mr. Smith owed Cisson $45, this was to be allowed Cisson or three months rent; can't say whether or not this was the balance due from Smith to Cisson; don't know about Smith taking the tools; I know some tools were brought into Mr. Smith's butcher shop.

John D. Harris testified, that he rented the shop to Smith; that in November or December he notified Smith that he wished to occupy the shop; Smith told him he wished he would put Cisson out. Witness stated that he found the shop locked, drew the staple, and put out the tools.

Frank De La Mar testified, that Cisson commenced to occupy the shop in September or October; about the time Cisson commenced occupying it, I heard Mr. Smith say that he had rented him the shop for five months; that the shop, tools, profit and all was worth $7 per day.

George Cisson, the plaintiff below, testified, that the items in his account were correct.

Peter J. Smith, one of the defendants below, gave testimony as to the state of accounts between the parties, and stated that, according to his books, the balance due him from Cisson was $41.

The jury found for the plaintiff, and assessed his damages at $73.56, and judgment was rendered on the verdict.

Messrs. ROYLE & BUTLER, for appellants.

Messrs. POST & MORGAN, for appellee.

HALLETT, C. J. The appellants seek to reverse this judgment because the court below refused to give an instruction asked by them, and because the evidence is not sufficient to support the verdict. As to the first point, the appellants did not except to the ruling of the court in refusing to give the jury the instruction asked by them at the time such ruling was made, and, therefore, they cannot be heard. *Armstrong* v. *Mock*, 17 Ill. 166.

The witnesses who testified upon the trial below related the facts touching the renting of a blacksmith shop and other business transactions between Mr. Smith and Mr. Cisson, without giving the names of the parties more fully, and it is urged that it does not appear which one of the appellants was intended to be named by the witnesses, or indeed whether the witnesses intended to name either of the appellants.

We cannot doubt that the witnesses referred to one of the appellants when they spoke of Mr. Smith. Upon the stand witnesses use the language of ordinary conversation, and to require them to adopt a more perspicuous diction is neither practicable nor desirable. It is hard to believe that a witness may be produced in open court, and that he may there, in the presence of the parties, plaintiff and defendant, detail the circumstances of a business transaction between the plaintiff and a person of the surname of the defendant, without disclosing the fact that the defendant in the suit is not the person referred to by the witness, if such fact exists. Oftentimes the names of parties are used by witnesses without giving the full name, but in such way as to leave no doubt in the mind of the hearer as to the person designated by the witness. If there is doubt as to the identity of a person named by a witness, it is easily solved upon cross-examination, and, if the party in whose favor the doubt will operate fails to apply the test, there is strong ground for believing that he does not desire to dissipate the doubt. We think that the jury, in this cause, were at liberty to determine, as they did determine, that the witnesses, when speaking of Mr. Smith, referred to one of the

appellants.  A more difficult question is presented concern-
ing the joint liability of the appellants to the appellee in
this action.

The testimony refers to but one of the appellants, and
unless the act of this one is binding upon the other, the
verdict cannot be sustained.  It must be borne in mind that
this action was originally commenced before a justice of the
peace, and there are no written pleadings from which we
may learn the character of the suit.  For aught that appears
the appellants were charged as partners, in which case the
joint liability would be established, *prima facie*, unless
denied by plea in abatement, and it is not claimed that such
plea was interposed.  *Warren v. Chambers et al.*, 12 Ill.
124.

Upon this point the witnesses give no light, but there is,
in the bill of exceptions, an account and receipts which it
is said the appellants presented and relied upon in the trial
of the cause.  In the account the appellants style themselves
"Smith Bro.," and they charge the appellee an item of
rent for a shop which appears to have been the blacksmith
shop mentioned by the appellee's witnesses.  The receipt
also appears to have been given by the appellee to the
appellants, to acknowledge payment of some of the items
for which this suit was brought, and therein the appellants
are styled "P. Smith & Co."  One of the appellants, Peter
J. Smith, having made the preliminary affidavit required
by statute, testified in the cause respecting some of
the items in the account.  Now it appears from these
papers that the appellants were seeking to establish a
demand against the appellee in a copartnership name, and
also to establish the payment by them as copartners of a
portion of the appellee's demand, and we think in this way
they admitted, not only that they were charged in the suit
as copartners, but also that they were in fact copartners in
business.  *Macfarland et al. v. Lewis et al.*, 2 Scam. 344 ;
*Rymer v. Cook*, cited in 22 Eng. Com. Law, 479, in note.

The copartnership being thus established, the contract of
one was obligatory upon both of the appellants, and the

joint liability is sufficiently shown ; as to the damages we see that the evidence is conflicting, and we think that another verdict might well have been given by the jury, but as there is evidence upon which this verdict may stand, we cannot disturb it.

The judgment of the district court is affirmed, with costs.

*Affirmed.*