# BENJAMIN F. BEESLEY *et al.*

### *v.*

## WILLIAM HAMILTON.

1.  PRACTICE—*going to trial without issue joined.* Where a demurrer was interposed and sustained to a portion of several special pleas, the others remaining unanswered, and the parties go to trial before the court without a jury, it will be presumed that all evidence properly admissible under the unanswered pleas, was heard precisely as if issues had been formed upon them.

2.  PLEADING—*of a defense as to one, and not as to all.* A plea is defective that is not good as a defense for all who interpose it, and if defective in part, it must be held defective in the whole.

3.  So, in an action upon a promissory note, against two as principals, and another as surety, matters of defense, affecting the surety only, should be pleaded alone by him.

4.  PRINCIPAL AND SURETY—*of a defense as to the latter.* Where the payee of a note procured a party to sign the note as surety, upon the promise fraudulently made, that he would procure another person also to sign the note as surety, such fact would not constitute a defense in behalf of the principal makers of the note, but if a defense at all, it would be personal to the surety, who alone could plead it.

5.  JUDGMENT 'ON DEMURRER—*its extent.* Where there was a demurrer to a portion of several special pleas, which designated specifically the pleas which were demurred to, an entry by the clerk which states that the demurrer was sustained to defendant's special pleas, without other designation, will be understood as no more comprehensive than the demurrer, and will be held to be a judgment upon the special pleas to which the demurrer specifically referred, and none other.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. KETCHAM & ATKINS, for the appellants.

Messrs. MORRISON & EPLER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee on two promissory notes, against appellants and George W. Hamilton, the latter of whom was not served with process, nor did he enter his appearance. Appellants filed a plea of the general issue and a number of special pleas.

The first of these pleas avers that the signatures of appellants to the notes were obtained by fraud and circumvention. It avers that appellee, to induce appellant Benjamin F. Beesley, to execute the notes as a joint maker with George W. Hamilton, and Benjamin Beesley as surety for Benjamin F. Beesley, falsely and fraudulently agreed and promised that he, appellee, would also execute the same as surety for George W. Hamilton, and that the notes would not be delivered unless appellee so executed them; that they relied upon the promise, and were by it induced to execute the notes, but that in fraud of the agreement, the notes were delivered to and accepted by appellee.

The second special plea is substantially the same, except that it avers that appellee, in like manner, agreed that he would procure other security for George W. Hamilton, before the notes should be delivered or accepted by appellee; that they relied on the agreement and signed the notes; but he failed to procure such security, and the notes were, in fraud of the agreement, delivered to and accepted by appellee.

The five remaining special pleas present the same facts in varied forms, as a defense. They are not sufficiently variant to present any different legal propositions for discussion.

A demurrer was filed to the first and second special pleas, but no answer seems ever to have been made to the remaining special pleas. The demurrer was sustained, and appellants refused to answer over. The clerk, in entering up the judgment on the demurrer, says it was sustained to appellants' special pleas, and without designating them, and appellee insists that this judgment must be held to apply to all of the special pleas which were filed in the case, while appellants insist that it can only apply to the first and second special pleas to which the demurrer was filed, and that the other special pleas remain unanswered. On this state of the pleadings, a jury was waived and a trial was had by the court, by consent of the parties, when the issues were found for the plaintiff, his damages assessed, and judgment rendered against defendants, to reverse which, they bring the case to this court on appeal, and assign various errors.

The demurrer copied into the transcript, is specifically to the first and second special pleas, and we fail to find any other demurrer referred to in the record. And we must be governed by the record as it appears in this court, and upon which errors are assigned and joined. We are not at liberty to conjecture that there was another demurrer filed, or that an oral demurrer was interposed. This latter kind of demurrer is not warranted by our practice, as all pleadings are required to be in writing, and we will not presume that the requirement has been violated. Nor can we infer that a demurrer had been filed to the other special pleas, because the clerk, in entering the judgment on the demurrer, does not specify the numbers of the pleas to which it was sustained, but says it was sustained to defendants' special pleas. When we look at the record and see the demurrer was pointed specifically at two pleas only, it would be a forced and an unreasonable construction of language to say that the judgment was intended

to be more comprehensive than the demurrer. The order refers to it, and it can only be held to be a judgment upon the pleas to which it specifically refers. The remaining five special pleas, therefore, remain unanswered.

But, as relates to them, there is no error, as the case was tried by the court without a jury, the presumption will be indulged, that evidence was heard under those pleas, if admissible, precisely as if issues had been formed upon them. *Kelsey* v. *Lamb*, 21 Ill. 559 ; *Graham* v. *Dixon*, 3 Scam. 115 ; ib. 498. But this still leaves the question whether the first and second special pleas to which the demurrer was sustained, presented a defense to the action, or whether the demurrer was properly sustained to them.

It will be observed, that these pleas are interposed as a defense for the principal and the surety to the note. They aver that the notes were procured by fraud and circumvention, and that Benjamin F. Beesley, who was a joint maker, relied upon the false and fraudulent representations made by appellee. If he was a principal in the note with Hamilton, as the pleas aver, we are at a loss to comprehend how he was, or could be, under any circumstances, wronged, or in the least degree injured by the failure of appellee to sign the notes as a surety, or in his not procuring another person to become a surety. If he was a principal, he owed the debt, and was bound in any event for its payment. He would have no right to look to a surety for contribution, although he might as to Hamilton, the other principal debtor. If they owed the debt, or at the time received a sufficient consideration to support the notes, and we must presume they did, as there is no averment to the contrary, how could their liability be altered, or their rights affected by a failure of appellee to procure an additional surety to the notes ?

Even if it were conceded that the pleas presented a defense for Benjamin Beesley, which we do not decide, still it was personal to him, and should have been pleaded alone by him. If a defense to the surety alone, it could not form a bar to a

recovery against Benjamin F. Beesley and George W. Hamilton. And these pleas, in this, violate the rule of pleading, which requires a plea to be good as a defense, for all the defendants who interpose it.    Being joint pleas, and being bad as to Benjamin F. Beesley, they were obnoxious to the demurrer and it was properly sustained.    Being bad in part, they must be held defective in the whole.    The fact that a note is void, or not binding on one of several makers, does not necessarily release the others from its payment.    As no evidence was proper under the remaining pleas, and they were also bad in substance, we must presume that the court below heard no evidence in their support, and we will not, therefore, disturb the verdict because those insufficient pleas remain unanswered.

The judgment of the court below must be affirmed.

*Judgment affirmed.*