## GEORGE BARNETT

*v.*

## LUDWIG GRAFF.

1. PRACTICE—*going to trial without issue upon some of the pleadings.* If a defendant voluntarily goes to trial upon issues made up on a part of the pleadings in a cause, leaving, however, some of the replications of the plaintiff without rejoinders and without issues upon them, a judgment for the plaintiff will not be reversed at the instance of the defendant because of such omission on his part to plead. If the defendant choose to go to trial with the pleadings in that condition it is his right to do so, although the plaintiff might put him under a rule to rejoin to all the replications.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

Mr. S. W. BROWN, for the appellant.

Messrs. METZNER & ALLEN, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This appeal appears to have been taken for delay only.

The action was assumpsit on promissory notes against two persons, one of whom, only, was served with process, and appeared and pleaded to the action.

One of the pleas was infancy, to which three replications by leave were filed: the first, denying infancy; the second, that the notes were given for necessaries; and third, a promise to pay after arriving at lawful age. There was also a plea of no consideration, and issue thereon.

To the second and third replications of plaintiff to the plea of infancy, there was no rejoinder, and no issue made up. The jury was sworn to try the issues joined, of which there were two, and they found them for the plaintiff, and judgment against the defendant served.

If the defendant chose to go to trial upon the issues made up, it was his right so to do, although the plaintiff might have put him under a rule to rejoin to all the replications. But the trial was entered upon voluntarily upon the issues made up. There was sufficient time before the cause was tried for the defendant to rejoin, had he deemed it important so to do. The cause was called and tried in regular course upon triable issues. We cannot say the court abused its discretion to set aside the judgment on the affidavit presented for such purpose. The court might not have given the affidavit credence for reasons growing out of facts within its own knowledge.

We see no reason why the judgment should be reversed. No errors appearing on the record, we must affirm it.

*Judgment affirmed.*