# THEODORE H. SEAVEY

*v.*

# WILLIAM L. ROGERS.

1. PRACTICE—*trial without issues being made up.* It has been *held,* that where both parties appear and go to trial upon the merits, without replication to pleas or rejoinder to replications, the judgment will not be reversed for the want of formal issues of fact being made before trial.

2. SAME—*trial in such case must be by consent.* But where a cause was tried, in the absence of the plaintiff, upon a plea of set-off, which was unanswered, it has been held that it was error, as there was no issue of fact to be tried, and no waiver on the part of the plaintiff.

3. SAME—*where plea is unanswered.* Where the plaintiff fails to reply to the defendant's pleas, the law requires the defendant to take a rule on the plaintiff to answer them, and, on failure to comply with the rule, the proper practice is for the court to dismiss the suit for want of prosecution.

WRIT OF ERROR to the Superior Court of Cook county.

This was an action of assumpsit, brought by Theodore H. Seavey, against William L. Rogers. The proceedings in the court below are stated in the opinion of the court.

Mr. SAMUEL APPLETON, for the plaintiff in error.

Mr. E. B. PAYNE, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Theodore H. Seavey against William L. Rogers, in the Superior Court of Cook county.

The record shows that the suit was commenced Nov. 28, 1871. At the January term, 1872, the defendant failed to plead, and a default was taken. On the 6th day of February defendant filed two pleas, general issue and set-off. On the 26th day of March, on motion of defendant, the default which had been entered at the January term was set aside.

On the 17th day of June, and at the June term of the court, the plaintiff was, in open court, called, but did not appear. A jury was called, the defendant introduced his evidence, and a verdict was rendered in favor of defendant, against plaintiff, for $2000. On the 23d day of June, plaintiff entered a motion to set aside the judgment rendered on the 17th, which motion the court overruled.

The plaintiff brought the case to this court by writ of error, and assigns various errors for a reversal of the judgment.

The only point made by the plaintiff, however, that we regard as tenable, is the one raised by the fourth assignment of error, which is as follows: The court erred in allowing the case to go to trial without issue joined.

No replications were filed to defendant's pleas, and there was no issue formed for trial by the court or a jury.

It is insisted by the defendant, that where parties go to trial without a formal issue on a plea, such an irregularity can not be taken advantage of after verdict, and that this case comes within the principle of that doctrine. In support of this position, the following authorities are cited: *Armstrong* v. *Mock*, 17 Ill. 166; *Kelsey* v. *Lamb*, 21 Ill. 559; *Bunker et al.* v. *Green*, 48 Ill. 243; *Beesley et al.* v. *Hamilton*, 50 Ill. 88; *Barnett* v. *Graff*, 52 Ill. 170.

In the first case cited, the parties appeared and went to trial without a formal issue on the fourth plea. The third plea, however, upon which issue was taken, was, in substance, like the fourth. In that case it was held, proceeding to trial without formal issue will be considered, after a verdict, as a waiver of either the issue or the plea.

In case of *Kelsey* v. *Lamb*, three pleas were filed, and no replications to either ; but in that case the parties waived a jury, and tried the case, by consent, before the court. In that case the court said : "As a general rule of pleading and practice, it is true that it is error to proceed to the trial of a cause until an issue of fact is formed on each of the pleas filed. But this rule has no application to cases where, by consent of the parties, formal written issues are dispensed with. There can be no doubt that the parties may agree to try a cause without plea or replication being filed, and by such agreement the parties would be estopped from insisting upon the want of a plea or replication, as error."

In case of *Bunker* v. *Green*, to one or two of the pleas no replication was filed. This court refused to reverse for that reason, on the ground that the parties submitted to a trial, and treated the pleas in all respects as if replications had been filed.

In case of *Beesley et al.* v. *Hamilton*, five special pleas were not answered. This court refused to reverse, on the ground that the parties had consented to a trial before the court, and the case was tried precisely as if replications had been filed.

In case of *Barnett* v. *Graff*, to two of the replications of plaintiff there was no rejoinder, and this court refused to reverse for that reason, on the ground that the trial was entered upon voluntarily upon the issues made up.

It is, therefore, plain to be seen that none of the authorities cited are applicable to the case under consideration. Had the plaintiff appeared and voluntarily gone to trial, without taking issue on the pleas, there would be no ground for a reversal of the judgment ; but when he failed to reply to the pleas, the law required the defendant to take a rule on plaintiff to answer them, and in case he failed to comply, then it would have been proper for the court to dismiss the cause for the want of prosecution. Stephen on Pleading, 109 ; 1 Tidd, 472 ; 2 Tidd, 718, 727, 925 ; *Williams* v. *Brunton et al.* 3 Gilman, 625.

The trial of this cause, as it was tried before the Superior Court, can not be sustained by any sound rule of practice. The jury were sworn to try the issue joined. No issue was joined—therefore nothing was before the jury for trial. The plaintiff was not in court to dispense with an issue, or consent to a trial by agreement.

We are, therefore, of opinion, for the reason above indicated, the judgment must be reversed and cause remanded.

*Judgment reversed.*

Mr. JUSTICE MCALLISTER : The cause having been regularly reached for trial, and the plaintiff failed, upon being called, to appear, all the court could do was to enter a judgment as in case of non-suit.