HENRY STROHM

*v.*

JOHN R. HAYES.

1. PRACTICE—*trial without issue on a plea is a waiver of a formal issue.* Proceeding to trial without an issue being made up on one of the pleas, is considered as a waiver of a formal issue, and the irregularity will be cured by the verdict.

2. If the defendant neglects to rejoin to a special replication, the plaintiff may obtain a rule to rejoin, or pray judgment for want of a rejoinder. If he does neither, and goes to trial without objection, the want of a formal issue will be waived.

3. PLEADING AND EVIDENCE—*chattel mortgage may be shown fraudulent without plea so charging.* Where property is claimed under a chattel mortgage, the other party, acting for creditors, may attack it for fraud, without any pleading disclosing the grounds and nature of the attack.

4. PRACTICE—*cross-examination of party to suit.* Where the plaintiff is a witness in his own behalf, and claims property under a chattel mortgage, and gives a history of the transaction, great latitude will be allowed in his cross-examination, especially where fraud is charged.

5. CHATTEL MORTGAGE—*when fraudulent as to creditors.* If a chattel mortgage is executed, not alone to secure an indebtedness to the mortgagee, but to protect the property of the mortgagor, and to hinder and delay his creditors, and this fact is known at the time by the mortgagee, the mortgage will be void as to the creditors attempted to be defrauded.

6. ERROR—*record must show instructions given, as well as those refused.* If a party assigns for error the refusal to give part of his instructions, the record should show those that were given, as well as those refused.

7. ERROR WILL NOT ALWAYS REVERSE. Where it is apparent that a party could not have recovered with the most favorable instructions, an error in refusing instructions furnishes no ground of reversal, as the error works no prejudice.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. U. D. MEACHAM, for the appellant.

Mr. J. M. BAILEY, and Mr. J. I. NEFF, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of replevin, in the Stephenson circuit court, brought by Henry Strohm against John R. Hayes, resulting in a verdict and judgment for the defendant, to reverse which, plaintiff appeals.

The principal error relied on is, that a trial was had without an issue having been made up to the defendant's fifth plea.

That plea was, in substance, that defendant was sheriff of Stephenson county, and, as such, had levied an execution in favor of Harrison Woodmanse, against Thomas H. Smith and I. D. Kennison, concluding with an averment that the property belonged to Smith and Kennison, and was not the property of the plaintiff. To this plea the plaintiff replied specially, setting up a chattel mortgage upon the property, made by Smith and Kennison to him, in which it was provided, in case the property was attached or claimed by any other person than Smith and Kennison, the plaintiff should have the right to take immediate possession, concluding with a verification.

Admitting the law to be as claimed by appellant, the fifth plea having set up matter of positive right by the levy of an

execution, a special replication was proper, and was required, still it does not follow it was error to proceed to trial without a rejoinder to such replication.  Appellant made no objection to proceeding to trial as the pleadings were.  He might have put defendant under a rule to rejoin, or prayed judgment against the defendant for want of a rejoinder, but he did not. *Barnett* v. *Graff*, 52 Ill. 170.  In analogy to the rule of proceeding held in *Mager* v. *Hutchinson*, 2 Gilm. 266, it may well be questioned if it is not too late to raise the objection for the first time in this court.  But, however that may be, this court has held, in a large number of cases, and it is now the settled doctrine of this court, that, proceeding to trial, an issue not being made up on one of the pleas, it is considered as waived, or the irregularity cured by the verdict. *Ross et al.* v. *Reddick*, 1 Scam. 73; *Armstrong* v. *Mock*, 17 Ill. 166.

The case was tried precisely as though a formal issue had been made up on the fifth plea.  The plaintiff had the benefit of the chattel mortgage set out in his special replication to it, and its validity was the important fact tried by the jury.  He can not now complain. *Bunker* v. *Green*, 48 Ill. 243.  And the court would indulge the presumption, if necessary, that all evidence properly admissible under the unanswered replication was heard precisely as though the issue had been formed. *Beesley* v. *Hamilton*, 50 ib. 88.  There is nothing in this objection.  Really, the special replication was nothing more than a reiteration by plaintiff of his right, setting out the muniment of his title, to-wit: a chattel mortgage.

Another objection made by appellant is, the court permitted appellee to go into proof of fraud in the execution of the mortgage, without any plea charging fraud.

The answer to this is, when plaintiff set up the mortgage as his title to the property, it became exposed to all attacks which could be made against it.  The party attacking, in such a case, is not required, by plea, to disclose the grounds of the attack.  He who produces a mortgage in evidence is presumed to be prepared to show it was made in good faith, and for an

honest purpose, and valid in other respects. Suppose the instrument had no seal, or was not acknowledged, it surely would be exposed, on trial, to such objection, though not pleaded.

Another objection is, that appellee was permitted to cross-examine the witness, who was the plaintiff himself, on matters which had not been touched upon in his examination in chief.

The record shows the plaintiff, when examined as a witness on his own behalf, went fully into the matter of the execution of the notes and mortgage, their consideration, the value of the several articles of property covered by the mortgage, in short, into a full history of the transaction. We do not think appellee, in the cross-examination, overstepped the bounds prescribed, especially in a case where fraud is the principal question, and the party seeking advantage from the fraud charged is his own witness. Great latitude will be allowed under such circumstances.

Another point is, that the verdict of the jury is against the weight of evidence.

Upon this point, we are satisfied with the verdict. The debt due appellant by Smith and Kennison, who were his tenants, was four hundred and thirty-one dollars. They were largely indebted to other parties at the same time. All their liabilities, appellant's claim included, amounted to quite two thousand dollars, and this appellant knew. Under these circumstances they executed the mortgage in question, covering property of the value of eighteen hundred dollars, being nearly all the mortgagors owned, and what was omitted from the mortgage was secured to them by the exemption laws. It is unnecessary to detail the facts connected with the transaction subsequent to the mortgage. They all tend to show the motive which prompted its execution. The evidence conclusively shows it was executed, not alone to secure appellant, but to protect the property from the creditors of the mortgagors, and to hinder, delay and defraud them.

The remaining point made by appellant is upon the instructions. He complains that three certain instructions which he asked, among others, were refused.

We can not well determine if there was error in this, without the others are brought to our notice. It may be, some one or all of the others were given, and embraced the points raised in the three refused. It is unnecessary to determine the propriety of these instructions in the light of those given for appellee, in which the law is given fully to the jury, and in which are embraced all the points contained in those refused, substantially. Had the refused instructions been given, we do not see that they could have changed the verdict. In looking into the whole record, we are satisfied the evidence is of such a character as to compel a verdict such as was given, under the most favorable instructions which could be framed for appellant. If it was error to refuse these instructions, it was an error which could not have prejudiced appellant, and how often soever this cause may be tried, just so often will be the like verdict. The justice of this case has not been affected by the refusal, and therefore this refusal does not afford sufficient ground for the reversal of the judgment. *Lawrence* v. *Jarvis,* 32 Ill. 305.

We have fully considered the objections taken to the instructions given for appellee, but do not consider them substantial. The law was correctly given to the jury by them, and they were required by the nature of the case.

We are of opinion justice has been done, and must affirm the judgment.

*Judgment affirmed.*