## HERMAN NIEMAN

*v.*

## RUDOLPH WINTKER *et al.*

1. PRACTICE—*adding similiter to pleas.* Where pleas conclude to the country, there is no necessity for a rule to add the *similiter* before dismissing the suit for want of prosecution. It may be added by the defendant, and a trial may be had without it.

2. SAME—*right to demur under rule of court.* A plaintiff will have no right to demur to pleas in disregard of a rule of court, that "all demurrers, etc., to defendants' papers must be filed by the meeting of the court next day after filing such papers by defendant, and must be called up and disposed of by the calling of the case, so as to have the case at issue on or before trial day."

3. SAME—*dismissal for want of prosecution.* Under a rule of court that the call of the docket for trial shall commence on the first Wednesday of each term, and that the causes will be disposed of on call, as set by the clerk, if the plaintiff is not present in person or by counsel when his case is reached and called for trial, it is proper to dismiss the same for want of prosecution.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. C. W. & E. L. THOMAS, for the plaintiff in error.

Mr. P. E. HOSMER, Mr. JAMES A. WATTS, and Messrs. ROUNTREE & AKINS, for the defendants in error.

Per CURIAM: This was assumpsit, by plaintiff in error against defendants in error, on three promissory notes. Suit was brought to the April term, 1876, of the court, and, at that term, *non assumpsit* and two special pleas, concluding to the country, were pleaded; after which, by agreement of parties, the cause was continued. At the next term, the cause was continued on motion of plaintiff in error. At the next term, being the April term, 1877, on Wednesday, the third day of the term, the suit was dismissed for want of prosecution.

It is claimed the court erred in dismissing the suit for the want of prosecution, because the pleas had not been replied to, and *Seavey* v. *Rogers*, 69 Ill. 534, is relied on in support of the position.

The pleas concluding to the country needed but the *similiter* to complete the issues, and there was no necessity for a rule to add it, because it might have been added by the defendants, had they chosen to have done so, *Gillespie* v. *Smith*, 29 Ill. 473, or the parties might have gone to trial without it. *McCully* v. *Silverburgh*, 18 Ill. 306; *Stumps* v. *Kelley*, 22 Ill. 140.

Nor was the plaintiff entitled to demur to the pleas, at the time the suit was dismissed.

There was a standing rule of the court, providing that "all demurrers, etc., to defendants' papers, must be filed by the meeting of the court next day after filing such papers by defendant, and must be called up and disposed of by the calling of the case, so as to have the case at issue on or before trial day." This rule having been disregarded, the party would not have been allowed, even had he so elected, to have demurred to the pleas at the April term, 1877.

The case, therefore, is plainly distinguishable from that of *Seavey* v. *Rogers, supra,* and can not be governed by it.

Another rule of the court, which is in harmony with the statute, provided that the call of the docket for trial should commence the first Wednesday of each term, and that the causes would be disposed of on call, as set by the clerk.

Plaintiff not being present in person or by counsel when the case was reached and called, as provided for by this rule, no other alternative was left but to dismiss the suit for want of prosecution.

The judgment is affirmed.

*Judgment affirmed.*