HERMAN SEIMON ET AL.

v.

PETER ALLARD.

</div>

REPLEVIN—PLEADING.—In an action of replevin under a plea of justification, setting up the judgment against D., and levy by constable upon execution issued thereon, and that the goods were the property of D. and not of the plaintiff, and that the officer levying was a constable *de jure*, evidence was offered to prove that a sham sale of the goods had been made by D. to plaintiff. *Held*, that such evidence was admissible under the pleadings. Defendants were not compelled to disclose by special plea, in advance, the grounds of their attack.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding. Opinion filed January 6, 1885.

This was replevin for a quantity of building material and apparatus, brought by appellee, Allard, against Seimon and

the Excelsior Stone Company. The declaration contained counts in the *cepit* and *detinet.* The defendants pleaded *non cepit, non detinet,* property of the goods in Philip H. Decker, and fourthly, the recovery of a judgment by the Excelsior Stone Company against Decker for $181.38 and costs, the seizure by Seimon, as constable, of the goods upon an execution issued on said judgment, with averments that said goods were the property of Decker, and not the property of the plaintiff; and that Seimon was a constable *de jure,* and acting as such at the time of the levy. Issues were taken on these several pleas, and a trial by jury was had thereon, resulting in a verdict for the plaintiff, with damages assessed at $32.50, on which the plaintiff had judgment, and the defendants appealed to this court.

Messrs. MATTHEWS & DECKER, for appellants; that fraud in the plaintiff's claim of title, in replevin, need not be pleaded specially, cited Rogers v. Arnold, 12 Wendell, 33; Anderson v. Talcott, 1 Gilm. 371; Van Namee v. Bradley, 69 Ill. 303; Gardiner v. Otis, 13 Wis. 450; Harrison v. Jaquess, 29 Ind. 208; Boies v. Henney, 32 Ill. 130.

Mr. A. A. EXLINE, for appellee.

WILSON, P. J. It appears from the bill of exceptions that the defendants in support of their fourth plea, put in evidence the judgment against Decker set out in the plea, the execution issued thereon and the levy of the same upon the goods in question by Seimon as constable, together with proof of his official character. They then offered to prove that the goods were in fact the property of Decker, but that by collusion between him and the plaintiff, Allard, who claimed to have purchased the same from Decker, the title was fraudulently transferred by Decker to Allard to cover it up and prevent its being seized by Decker's creditors. This evidence the court refused to receive, on the ground that it was not admissible under the pleadings; that to entitle the defendants to show that a sham sale of the goods had been made by

Decker to Allard, it should have been specially set forth by plea, to which ruling the defendants excepted, and now assign the same for error.

In this ruling the court erred. The plea contained all the necessary averments to constitute a good plea of justification under the facts as alleged. By the introduction in evidence of the judgment and execution, appellants were placed in a position, as judgment creditors of Decker, to attack the title of a fraudulent vendee of the latter, and by no rule of pleading applicable to actions of replevin were they required to disclose in advance the grounds of their attack.

The precise question arose in Strohm v. Hayes, 70 Ill. 41, where the plaintiff claimed title by virtue of a chattel mortgage, and the defendant was permitted to go into proof of fraud in the execution of the mortgage without any plea charging fraud. The Supreme Court said, "the party attacking in such a case is not required by plea to disclose the ground of the attack. He who produces a mortgage in evidence is presumed to be prepared to show it was made in good faith, and for an honest purpose, and valid in other respects."

The principle decided was identical with that involved in the present case. We have been referred by counsel to no case, nor have we been able to find any after an extended search, holding a different rule.

For the error of the court above indicated the judgment is reversed and cause remanded for a new trial.

Reversed and remanded.