## Tompkins and Garrison v. James Gerry, for use of J. R. Creighton and E. C. Kramer.

1. PRACTICE—*Waiver of Replication.*—Where no replication is filed and both parties appear and go to trial without objection, the same as if the replication were in, such omission can not be urged as sufficient cause to require a reversal of the judgment.

2. PARTIES—*Suit upon an Appeal Bond.*—Where a judgment appealed from is assigned after its affirmance, it is proper to bring a suit upon the appeal bond, in the name of the obligee, for the use of the assignee.

3. SET-OFF.—Where a final settlement has been made of all accounts between parties and the amount found due to one party, which the other agrees to pay, and suit is brought and judgment recovered for the

Tompkins v. Gerry.

amount, an appeal having been taken, the party taking the appeal can not, in an action afterward brought upon the appeal bond, insist on setting off his original account, submitted in the settlement, to a recovery on the appeal bond.

**Memorandum.**—Debt on an appeal bond. Appeal from the Circuit Court of Wayne County; the Hon. CARROLL C. BOGGS, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

BUNCH & BONHAM, attorneys for appellants.

CREIGHTON & KRAMER, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was brought to recover damages for the breach of condition in appeal bond given by appellants and another person, not served with process, on appeal by Tompkins from the judgment in justice's court to the County Court in the case of Gerry v. Tompkins, and from that court brought by Tompkins to this court on appeal. The judgment against him in the County Court was here affirmed, and the opinion filed June 21, 1892, nearly a year before the present suit was tried below, hence no appeal in the case of Gerry v. Tompkins was pending at the time of said trial, as appellants insist. Appellants also contend that this suit on the bond and a suit of Tompkins v. Gerry were consolidated and tried as one case in the Circuit Court, and that the amount of the account sued for in the latter case ought to have been allowed as a set-off against Gerry's judgment. This contention is not supported by the facts. In each case a separate transcript of the record is sent up. In each transcript it is recited "this cause" was turned by the court by agreement. In the case at bar the court found $246.93 damages for the breach of condition of the bond, and entered judgment for that sum against Tompkins and Garrison, the obligors who were served with process. In the case of Tompkins v. Gerry, the court found for the defendant and

entered judgment against Tompkins for costs of suit. It thus appears a separate trial of each case was had; the findings were separate, separate judgments were entered, and separate transcripts are before us for examination. It is also insisted on behalf of appellants that replications to defendant's pleas were not interposed, and for that reason judgment should have been for them; but both parties appeared and went to trial without objection, as though replications were in, and appellants can not now urge such omission as sufficient to require a reversal of the judgment. Douglas v. Matson, 35 App. Ct. Rep. 537; Strohm v. Hayes, 70 Ill. 41; Shreppler et al. v. Nadelhoffer, 133 Ill. 536.

We discover no error in the rulings of the trial court in admitting evidence on behalf of plaintiff, or in refusing to admit evidence offered by defendants. The propositions offered by appellants, which the court refused to hold as the law, were properly refused. We are satisfied the proof warranted the finding of the Circuit Court. Plaintiff below introduced and read in evidence the appeal bond sued on, executed by appellants and J. A. Carrothers, who was not served and did not appear. Also, the judgment in justice's court, County Court and this court, and fee bills, showing that the amount of judgment in the County Court recovered by Gerry against Tompkins, affirmed in this court, with interest and costs, was $246.83, which judgment and costs the parties agreed in open court amounted to that sum, and that said judgments of justice's court, County Court and this court were regular and correct. The assignment of the judgment after its affirmance by this court to Creighton & Kramer was also proven, showing they had a beneficial interest in the proceeds when collected. The execution of the bond by appellants, the breach of its condition, and the amount of damages sustained by plaintiff because of such breach, were established by the evidence, and the court assessed the damages at $246.93, and entered judgment against appellants for that sum and costs. No complaint is made that the damages assessed are excessive if Gerry had

the right to recover at all. But appellants insist the amount of an account against Gerry, sued for by Tompkins, in the case of Tompkins v. Gerry, referred to in this opinion, should have been allowed as a set-off against said damages. This contention we can not sustain.

We have held in the case last mentioned, heard on appeal at the August term, 1893, of this court, that before that suit was brought, a final settlement was made of all accounts between the parties, binding on both. That the balance found due Gerry on such settlement, was $188.40, which Tompkins agreed to pay; that he had received credit in that settlement for all accounts he then claimed Gerry owed him, and by such credit his indebtedness to Gerry was reduced to the amount of $188.40, the balance found due, and that Tompkins could not again recover the amount of accounts already so credited in the final settlement. The same reasons forbid the allowance of said accounts as a set-off in this case. We find no error justifying the reversal of the judgment against appellants, and the same is affirmed.