THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

CAROLINE BOYD.

*Filed at Ottawa May 15, 1895.*

1. APPEALS AND ERRORS—*no reversal for erroneous instruction cured by others.* An erroneous instruction as to the burden of proof is not cause for reversal, where other instructions so fully and clearly state the rule that the jury could not have been misled.

2. TRIAL—*when instruction to find for defendant is proper.* An instruction to find for the defendant, or taking the case from the jury, should be given only where the evidence, with all the legitimate inferences to be drawn therefrom, is wholly insufficient, if credited, to sustain a verdict.

*North Chicago Street Railroad Co,* v. *Boyd,* 57 Ill. App. 535, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

This is an action brought by Caroline Boyd to recover damages for injuries alleged to have been sustained by reason of the negligence of the North Chicago Street Railroad Company. It appears from the record that in the afternoon of August 12, 1891, the plaintiff, accompanied by her mother, Mrs. Mather, took passage on one of the defendant's cable cars a short distance from the south entrance to the tunnel through which the defendant's cars pass under the Chicago river to the north division of the city. While this car was still on the downward grade of the tunnel it came to a stop in consequence of other cars ahead of it having stopped. While thus standing, the following train, consisting of a grip-car and one trailer, slid down the grade into the car upon which the plaintiff was riding, and, as she alleges, threw her violently down upon the floor of the car, thereby causing severe injuries. The jury returned a verdict in favor of the plaintiff for $2500, and judgment was entered thereon. On appeal to the Appellate Court this judgment was affirmed.

EGBERT JAMIESON, and VAN VECHTEN VEEDER, for appellant.

ROSENTHAL, KURZ & HIRSCHL, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The argument of counsel for appellant is devoted chiefly to a discussion of questions of fact, which was very appropriate in the Appellate Court but has no place here. Whether the plaintiff was guilty of negligence, whether the injury arose from the negligence of the railroad company, whether the serious condition of plaintiff's

health arose from the injuries received at the time of the accident or whether her loss of health arose from the excessive use of morphine, were all questions of fact, which have been settled by the judgment of the Appellate Court.

But one instruction was given for the plaintiff, as follows :

"If the jury find, from the evidence and under the instructions of the court, that the plaintiff was, while in the exercise of ordinary care on her part, injured while she was a passenger on defendant's car at the time and place laid in the declaration, by the acts of the defendant, as charged in the declaration or in any one or more counts thereof, then the burden of proof comes upon defendant to show that it made use of all reasonable effort and precaution towards avoiding the accident, and that the same occurred in spite of such use of such efforts and precautions."

It is claimed this instruction is erroneous in informing the jury that the burden of proof shifted. The instruction seems to be sustained by *Eagle Packet Co.* v. *Defries*, 94 Ill. 598. But whether the instruction is technically correct or not in regard to the burden of proof it will not be necessary here to determine, as the jury were so fully and clearly instructed on that question in other instructions that we are unable to see how the defendant was injured by the error, if error it was, in the one complained of. In Nos. 4 and 5 the jury were charged as follows :

4. "The jury are instructed, that in order to entitle the plaintiff to recover in this case from the defendant two things must concur, and appear from a preponderance of the evidence: First, that such defendant was guilty of negligence which contributed to the injury complained of ; and secondly, that the plaintiff exercised reasonable and ordinary care for her own safety. And if the plaintiff fails to establish both of these essentials by a preponderance of the evidence she cannot recover.

5. "The court instructs the jury, as a matter of law, that the burden of proof is upon the plaintiff to establish every element of her case, and it is for her to do this by a preponderance of the evidence; and if the jury find that the evidence bearing upon the plaintiff's case is evenly balanced, or that it preponderates in favor of the defendant, then the plaintiff cannot recover, and the jury will find for the defendant."

Also in No. 9 the jury were directed as follows:

9. "The burden of proving negligence rests with the party alleging it, and where a party charges negligence on the part of any other as a cause of action she must prove his negligence by a preponderance of evidence."

In these three instructions the rule in regard to the burden of proof is so fully laid down that it was not possible for the jury to be misled, and if not misled by an erroneous direction no reason exists for reversing the judgment.

As to the refusal of the court to instruct the jury to find for the defendant but little need be said. An instruction to find for the defendant, or an instruction taking the case from the jury, should only be given where the evidence, with all the legitimate and natural inferences to be drawn therefrom, is wholly insufficient, if credited, to sustain a verdict for plaintiff. (*Lake Shore and Michigan Southern Railway Co.* v. *Richards*, 152 Ill. 59, and cases there cited.) Here there was evidence tending to sustain the issues on behalf of plaintiff, and that was all that was required.

We shall not stop to discuss the evidence. Its sufficiency was a question for the jury.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*