## William Wetz v. Sibella Greffe.

1.   COSTS—*Allowing a Plaintiff to Prosecute as a Poor Person is in the Discretion of the Trial Court.*—The matter of permitting a plaintiff to prosecute his suit as a poor person, is left by the express terms of the statute to the judicial discretion of the court where the suit is pending, and in this case the court holds that there was no abuse of that discretion.

2.   PRACTICE—*Going to Trial Without Issue on the Plea is a Waiver of a Formal Issue.*—Proceeding to trial without issue being made up on the pleas is a waiver of a formal issue, and the irregularity will be cured by verdict.

3.   TRIALS—*When Instruction to Find for the Defendant is Proper.*— An instruction taking a case from the jury and directing a verdict for the defendant should only be given when the evidence with all the legitimate and natural inferences to be drawn therefrom is wholly insufficient if credited, to sustain a verdict for the plaintiff.

4.   LIMITATIONS—*New Promise Made to Agent Removes Bar.*—An unqualified admission that a debt is due coupled with a promise to pay it, made to an agent of the creditor is sufficient to remove the bar of the statute of limitations.

5.   NEW TRIALS—*Motion for on Account of Newly-Discovered Evidence Held Properly Refused.*—As the newly-discovered evidence relied on in this case as ground for a new trial, is merely cumulative and not conclusive of the issue, and as the appellant did not show the exercise of proper diligence in attempting to produce it on the first trial, the motion for a new trial was properly refused.

Assumpsit, on the common counts.   Appeal from the Circuit Court of Christian County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

JOHN E. HOGAN and JAMES L. DRENNAN, attorneys for appellant.

JAMES B. ABRAMS and LYMAM G. GRUNDY, attorneys for appellee.

. MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This suit was brought by Sibella Greffe against William Wetz to recover for money she claimed to have sent him from Germany in 1869.

A trial was had in the Circuit Court by a jury and verdict returned in favor of appellee for $117. Judgment was rendered upon the verdict, and the case brought to this court by appellant.

It is claimed by appellant that the court below erred in allowing appellee to prosecute her suit without requiring her to give a bond for costs. Appellant had filed an affidavit and entered his motion to rule appellee to give a bond for costs, on the grounds of her insolvency. She filed a cross-motion asking leave to prosecute her suit as a poor person. The record discloses the fact that these motions came up and were heard together. The court allowed the cross-motion and permitted appellee to prosecute her suit as a poor person. From the affidavit filed by appellant it appeared that appellee was insolvent. This affidavit was considered by the court in determining the cross-motion. The matter of permitting a plaintiff to prosecute his suit as a poor person, is left by the express terms of the statute to the judicial discretion of the court where such suit is commenced or pending. Chicago & I. R. R. Co. v. Lane, 130 Ill. 116. There was no abuse of the exercise of this discretion by the court in permitting appellee to prosecute her suit as a poor person.

It is further claimed the court erred in proceeding with the trial without issue being joined on the pleas of the statute of limitations and payment. The case was tried

precisely the same as if replications had been filed to these pleas, and issue formally joined, appellant made no objection to proceeding to trial as the pleadings were. He might have taken a rule on appellee to reply, or prayed judgment against appellee for want of a replication to the pleas. This he did not do. It is now the settled doctrine in this State that proceeding to trial on issue not being made up on the pleas, it is considered as waived, or the irregularity cured by verdict. Strohm v. Hayes, 70 Ill. 41; Barnett v. Graff, 52 Ill. 170; Ross et al. v. Reddick, 1 Scam. 73.

The court was justified in refusing to give appellant's instruction directing the jury to find a verdict for him. This should only be given when the evidence with all the legitimate and natural inferences to be drawn therefrom is wholly insufficient, if credited, to sustain a verdict for plaintiff. Street R. R. Co. v. Boyd, 156 Ill. 416; Lake Shore & M. S. Ry. Co. v. Richards, 152 Ill. 59. The evidence with proper instructions was submitted to the jury, and the verdict was for appellee. This finding is sustained by the evidence.

It is conceded that appellant received from appellee before she came to this country, in 1869, $217. The money was sent by appellee's husband to appellant. It is by appellee admitted that appellant sent her $22 while she was in Chicago soon after she came to this country. That subsequently he bought a shoe shop for her husband for $75, and furnished her two sacks of flour worth $3, making in all $100, and this is all that he paid her. As to whether the appellant paid or settled the balance, $117, with her, the evidence is conflicting. The trial judge and the jury heard the witnesses testify in court, observed their manner on the witness stand, and gave credence to the testimony of appellee and her witnesses, and we are not disposed to disturb the finding of the jury and the court.

It is urged by appellant that the claim sued on is barred by the five year statute of limitations. In reply to this contention, the appellee sets up that appellant made a new promise to pay this debt within five years before the commencement of this suit.

Some twelve years ago, it appears from the evidence, appellee and one Jacob Rotleberger went to see appellant about the money he borrowed from her in the old country. In the conversation they had at that time, he told her to turn round and go home, and he would send her a check on the Girard Bank the next day. After this, and about three years before the commencement of his suit, it appears from the evidence that appellee sent her two sons, Charles and Peter Greffe, and one Fitz to appellant to get the money she had sent him from Germany. In this conversation, Charles told him their mother had sent them out to get some money, and she was looking for that check. He in reply said, " You boys go home, I do not owe you anything. If I pay you, your mother can make me pay it again. I will pay your mother." The only indebtedness existing between the parties, was that for the money the appellee sent appellant from the old country. That this is the indebtedness referred to in the conversations between appellant and appellee's two sons, Charles and Peter Greffe, is quite clear. The promise to pay is express. The admissions are unqualified that the debt is due. The amount is fixed by the amount due of the money sent from the old country, and what was said shows an unqualified willingness and intention to pay it, and this was agreed to by Charles and Peter Greffe, the agents of appellee, and the promise made to them as her agents. Freeman v. Walker, 67 Ill. App. 313; Wachter v. Albee, Adm'r, 80 Ill. 47; Keener v. Crull, 19 Ill. 189; Ayers v. Richards, 12 Ill. 147; Carroll v. Forsyth, 69 Ill. 127.

The court properly overruled the motion for a new trial on the grounds of the newly discovered evidence of Jacob Houser and Tony Wetz. It is claimed these witnesses were present, and heard the conversation between appellee's two sons, Charles and Peter Greffe, and appellant. The fact that they were present at the time of the conversation, he knew at the time the conversation took place, and before, and at the time of the trial, and from aught that appears in the affidavits, their presence and testimony could have been

obtained at the trial.  This is not exercising the diligence required by the law.  The newly discovered evidence is simply cumulative and not conclusive on the issue.  Petefish et al. v. Watkins, 124 Ill. 384.

There was no error in refusing to grant a new trial on the grounds of newly discovered evidence.  Judgment affirmed.