## Julius Schwartz, Appellee, v. Sandoval Zinc Company, Appellant.

1. PLEADING—*effect of absence of replication.* If a party goes to trial without a formal issue on a plea he cannot complain and an issue will be presumed as having been formed.

2. PLEADING—*when defective declaration cured.* If a declaration fail to aver a material fact essential to recovery if proof of such fact is actually made the declaration will be held good after verdict.

Assumpsit. Appeal from the City Court of East St. Louis; the HON.

W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed April 12, 1912.

NOLEMAN & SMITH, for appellant.

STEIN & WULFF and W. J. N. MOYERS, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Appellee recovered a judgment in this cause for the sum of $881.38, as damages for an alleged breach of contract of employment.

The declaration charged that on November 30, 1907, the appellant entered into a contract with appellee whereby appellant agreed to employ him at a salary of $75 per month from November 30, 1907, to March 1, 1908, and for a period of five years thereafter at a salary of $1,000, together with fuel, water and rent as compensation for his services to be rendered to appellant. It was further alleged that appellant without reasonable cause refused to keep appellee in its employ but wrongfully discharged him, whereby he was damaged, etc.

A plea of the general issue was filed; also a second plea of the Statute of Frauds in which it was averred there was no contract in writing signed according to the statute, and also a plea of former recovery. There was no evidence to support the last plea. There was no replication to the second plea, and no issue thereon. Appellant might have had a rule on appellee to file a replication but not having done so and proceeding to trial without a formal issue on the plea he cannot now complain. Barnett v. Graff, 52 Ill. 170; Seavy v. Rogers, 69 id. 534.

Appellee offered in evidence the following written agreement:

"This is an agreement entered into between Julius Schwartz and The Sandoval Zinc Company. Party of

the first part is to perform his full duty in the brass department for the present, later on whatever the Company desires him to do, at a salary of $75.00 per month up to the first day of March, 1908, and from March, 1908, to March 1, 1913, his salary to be $1,000 per year one-half to be paid monthly, and the balance of the money due him to be paid to him after the expiration of the contract; party of the second part will furnish him with free coal, light and rent during said term.

It is fully understood that party of the first part must perform his full duty and devote all his time to the welfare of the Company. This contract has been duly entered into this 30th day of November, 1907.

(Signed)                     JULIUS SCHWARTZ.
                             SANDOVAL ZINC COMPANY,
                                 M. Weill, President.
Witness:  I. L. Maas.''

Appellant objected to the introduction of the contract in evidence on the ground of a variance between the contract and the declaration. The objection was overruled and the contract admitted. This is said to have been error. It is argued there was no averment in the declaration showing a consideration for the contract. There is no direct averment that appellee agreed to serve in consideration of the employment, and in this regard the declaration was subject to challenge by demurrer. The defect was one of substance yet the issue joined by the plea of the general issue was such that proof of the fact omitted was necessarily required and without which it is not to be presumed the court would have rendered a verdict. In such case the omission is cured. Keegan v. Kinnare, 123 Ill. 280.

It is further argued there was no averment that appellee had performed on his part. The acts to be performed under the contract were mutual and appellee should have averred performance and his readiness to perform and that he was discharged from his performance. This defect, however, was cured after verdict under the same rule announced above. Chit. on Pl. Vol.

1, 327. The contract in evidence showed appellee's salary was to be paid one-half monthly and the remainder at the expiration of his term of service and further showed he was to have "free coal, light and rent." The declaration did not aver how he was to be paid, and did aver he was to have "free fuel, water and rent." There were variances between the averments and the proof in these instances but we think they were such defects and omissions as were cured by the verdict. The declaration did not state a defective cause of action, but stated a cause of action defectively.

Appellee went to work under the agreement and so continued until September 5, 1908, when his employment ceased. He claims he was discharged without cause. He testified he worked under his contract as foreman of the brass department and worked seven days in the week; that Mr. Weill, the president of appellant, came to Sandoval on September 5, 1908, and said to him the metal was low, and he couldn't run the brass department and he would shut down; that he wanted the key and that he (appellee) gave it to him, and he closed it up; that afterwards Weill came to his house and told him he was sorry to discharge him but he couldn't help it as metal was so low he could make no money out of it, and that next day he received a letter to move out of the building, off the plant. Appellee's testimony that Weill asked for the keys and closed up the department because he could not afford to run it was corroborated by Jacob Weiss.

Weill testified appellee couldn't get along with the other workmen at the plant; that he said he was tired of the job and couldn't quit any too soon and that he (Weill) told him that the best thing he could do if he didn't want to work was to close up the shop which he did. Weill further said he didn't have the conversations with him to which he testified. A witness Radkers testified to a number of circumstances showing

that appellee frequently threatened to quit; that he had trouble with the other employes; that he was dissatisfied and after he ceased to work there, when asked what the trouble was he said "Nothing, I quit. I go away. I don't want to stay any longer in Sandoval."

In this state of the testimony it was a question for the trial judge who heard and saw the witnesses to determine whether appellee was discharged without sufficient cause.

Appellee has elected to sue for a breach of the contract and recover all his damages for the breach, or the wrongful discharge. The evidence showed that at the time of the bringing of this suit two years after he claims to have been discharged he had been able to secure employment during that time for three months and had earned about $119. If he had been suing for his wages due he would have been entitled to recover $1,000 less what he had earned, and this was the basis no doubt upon which the court founded its judgment, as appellee offered no evidence of any other or future damages. As this judgment includes in this suit all damages that can be recovered under this contract, and as they are warranted by the evidence in the case, they are not excessive, and there can be no ground of complaint on that score.

We have examined the rulings of the court on the admissibility of evidence and find none excluded to which appellant was entitled. No propositions of law were presented and the judgment being supported by the evidence, it is affirmed.

*Affirmed.*