NATHAN S. PECK

V.

NATHAN HUBBARD ET AL.

</div>

1. STATEMENT.—In August, 1877, appellant began an action in replevin against Kern, the sheriff, and appellee Hubbard, and the property taken under the writ was delivered to him. Issue was not properly joined in the replevin action, and in the absence of appellant a verdict was rendered find-ing the property in Kern, and that he held it by virtue of an execution on which there was $729 then due. In the following April, a rule was issued on the plaintiff to return the property in thirty days, or judgment would be entered against him on the verdict, and in June fo lowing, plaintiff failing to answer the rule, judgment was entered against him for that amount.

2. PRACTICE IN REPLEVIN.—The plaintiff in replevin should have been called at the trial, and failing to appear, judgment should have been given, as in case of non-suit; or, if the case was properly on the trial calender, a rule to reply instanter, might have been taken, and failing to comply, a judgment of non-suit could have been rendered; but it was error to call a jury to try the case when issue had not been joined, and neither the plaintiff nor any one to represent him was present. The verdict was also erroneous, because not responsive to any issue that might have been m.:de upon the plea of non cepit. The verdict should have been "guilty" or "not guilty."

ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed December 8, 1879.

Peck brought an action of replevin to the August term, 1877, of the Cook County Circuit court against Kern, sheriff, Gal-pin, deputy sheriff, and one Hubbard, and the goods men-tioned in the writ were taken and delivered to plaintiff. July

Peck v. Hubbard.

19, 1877, plaintiff filed his declaration in the *cepit.*  August 8, 1877, defendant filed pleas:  (1) *Non cepit;* (2) Property in Walter Treleaven; (3) Justification under a *fieri facias* issued out of the said Circuit Court in favor of said Hubbard against Treleaven on a judgment for six hundred and twenty-seven dollars, besides costs, and delivered to said Kern, averring that the goods, etc., were taken thereunder, and that they were the property of Treleaven, and subject to execution, conclud-ing with a verification.  No replication was filed as to any of said pleas, or rule taken on plaintiff to reply.  The pleadings remaining in this condition, afterwards, April 2, 1879, the case was reached for trial, and the plaintiff not being present or any one for him, a jury was impaneled in the case and sworn to try the issue joined in said cause, and a true verdict render, accord-ing to the evidence.  Testimony was adduced by defendants, and the jury returned a verdict whereby they found the prop-erty in the defendant Kern, and that the same was held by virtue of the writ of execution set up in the defendants' plea and offered in evidence, and that there was then due upon said execution the sum of $729.13; whereupon, April 29, 1877, on motion of defendants, the plaintiff was ruled by the court to return to said Kern the property replevied in the cause, within thirty days from that date, and in default thereof that judgment be rendered upon the verdict of the jury.  June 13, 1879, the court made a further order, reciting that it appeared plaintiff had failed to return to said defendants the property replevied in said cause, in compliance with the rule on him entered herein, April 29, 1879, "therefore, it is ordered and considered by the court that said defendant, Charles Kern, recover of said Nathan Peck, plaintiff, for the use and benefit of said defend-ant, Nathan Hubbard, the sum of seven hundred and twenty-nine dollars and thirteen cents, being the amount found due by the jury aforesaid, upon the execution set up in defendants' plea in said cause, together with his costs in this behalf ex-pended, to be taxed and have execution therefor."

Peck brings the case to this court by writ of error, and assigns for error the trial of said cause and the giving the judgment, in manner and form as appears by the record.

Mr. P. L. SHERMAN, for plaintiff in error; that it was error to call a jury to try the issue, when the plaintiff was not present or represented in court, cited 2 Tidd's Pr.* 765; 10 East, 380; Delano v. Bennett, 61 Ill. 83; Vail v. Wright, 2 Penn. 256; Lamping v. Payne, 83 Ill. 463.

Mr. FRANK J. SMITH, for defendants in error, cited Rev. Stat. Chap. 119, § 22.

The Appellate Court will render such judgment as the court below ought to have rendered, without sending the cause back: Boyle v. Carter, 24 Ill. 51.

McALLISTER, J.   No replication having been filed, and the plaintiff not appearing when the case was called for trial, the court should have had the plaintiff called, and on his failing to appear, given judgment as in case of nonsuit; or defendants might have taken a rule on plaintiff to reply instanter, if the case was properly on the trial calendar, and in default of compliance given like judgment.   Neither course was pursued, but a jury was called and sworn to try the issues joined, when no issue had been joined by plaintiff, and he was not there, or anybody for him, to waive the want of replications.   That was error.   Seavy v. Rogers, 69 Ill. 534; Delano v. Bennett, 61 Ill. 83.

But the verdict is not responsive to any issues which might have been properly raised upon the pleas, which were:  (1), *non cepit;* (2), property in Treleaven;  (3), justification by sheriff Kern under execution against Treleaven, averring property in the latter, subject to the writ.   With a proper issue on first plea, the verdict should have been guilty or not guilty; on the second, property in Treleaven or plaintiff;  on the third, not that the property was in Kern, but that the property was the property of the party defendant in the execution.   Hanford v. Obrecht, 49 Ill. 146.

The verdict only finds the property in Kern, and that it was held by virtue of the writ of execution set up in the defendants' plea and offered in evidence; and that there was due on the execution the sum of $729.13.   After the verdict rendered,

Peck v. Hubbard.  ·

as before stated, defendants' counsel, without notice to plaintiff, obtained a rule on plaintiff that he return the property replevied to Charles Kern in thirty days from the time of entering the rule, or, in default thereof, judgment be rendered upon said verdict.  At the expiration of thirty days, defendant obtained another order, without any notice to plaintiff of the former order, or of the motion for this one, reciting that plaintiff had failed to return the property replevied to said defendants.  In compliance with the above rule, it was ordered and considered by the court that Charles Kern recover of said Nathan Peck, plaintiff, for the use and benefit of said defendant, Nathan Hubbard, the sum of $729.13, being the amount found due by the jury on the execution aforesaid, with costs, and that he have execution therefor.  There is neither precedent nor law for these proceedings.

Defendants' counsel attempts to justify them under the clause in Sec. 22 of the Replevin Act: "Or if the property was held for the payment of any money, the judgment may be in the alternative that the plaintiff pay the amount for which the same was rightfully held, with proper damages, within a given time, or make return of the property."  This clause was introduced into Section 22 of the Replevin Act, in the revision of 1874, R. S. 1874, p. 853, and, so far as we know, has not been construed by the Supreme Court.  It was evidently intended to relieve a plaintiff from the former imperative judgment for the return of all the goods back to the defendant, when the only matter affecting the plaintiff's right of possession at the commencement of the suit, was that they were held for, or were subject to, the payment of a sum of money, which might be very much less than the value of the goods.  The provision must have been intended, therefore, for the benefit of the plaintiffs in such suits.  But in the case in hand, this provision was not followed in letter or spirit.  A rule was made on plaintiff, of which he had no notice, that he return the goods replevied, in thirty days from that time to Charles Kern, or, in default thereof, judgment be rendered on the verdict.  Then, because he had not returned them to the defendants, absolute judgment went against him in favor of Kern, for the

full amount in the execution and interest. If it had been a proper case under the provision in question, the judgment should have been that he pay the amount of the execution or return the goods, which would be a substitute for the absolute judgment, *de retorno*. But by the judgment under consideration, the thing is reversed. A rule *nisi* is entered that he make return of them in thirty days, or pay the amount found due by the jury on the execution. Besides the other objections, this judgment was unauthorized by the statute, is without precedent and must be reversed and the cause remanded.

<div align="right">Reversed and remanded.</div>