BARNUM BLAKE

*v.*

DAVID T. MILLER.

*Filed at Ottawa November 13, 1886.*

1. PRACTICE—*trial before issues made up.* Where the record fails to show the filing of a replication to a special plea, a trial and judgment in the absence of the defendant and his attorney will be irregular and erroneous. In such case there is no waiver of the want of the replication by going to trial by consent.

2. SAME—*supplying lost pleading.* After the term at which final judgment is entered, a copy of a lost replication can be supplied in place of the original only by order of the court, upon notice and proof; and then the court should find that the original was lost, and that the substitute sought to be filed is a substantial copy of the original.

3. After judgment, and after the term has passed at which it was rendered, the court has no power to permit the filing of a replication. · If a pleading is lost after judgment, the court, on notice and a proper showing, may grant leave to file a copy as of a day preceding the date of the trial and judgment.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. ROBERT HERVEY, for the plaintiff in error:

Proceeding to trial and judgment, leaving a special plea unanswered, operated as a discontinuance, and therefore the judgment was erroneous. 1 Chitty's Pleading, 525; *Tippit* v. *May*, 1 Bos. & Pul. 411.

The court below had no jurisdiction to make a new record. If any part of the record existing had been omitted, then it might be supplied.

Mr. JAMES FRAKE, for the defendant in error:

The judgment of the court below is, "this cause being this day called for trial, comes the plaintiff, by his attorney, and issues being joined, it is ordered that a jury come," etc. This record is the finding of the court, and must be taken as absolutely true. *Blackburn* v. *Bell*, 91 Ill. 440.

On discovery of the loss of the replication, steps were taken to supply the loss. We believe we proceeded correctly. *Insurance Co.* v. *Vanduzer*, 49 Ill. 492.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This was an action of assumpsit upon a note for $1000, brought by defendant in error against plaintiff in error in the Superior Court of Cook county. The defendant below filed two pleas, the general issue, and a special plea, setting up failure of consideration. The case was tried before a jury at the May term, 1885, in the absence of both the defendant and his counsel. On May 29, 1885, verdict was rendered for $1972.40, and judgment entered on the verdict on the same day. A writ of error was sued out from the Appellate Court of the First District, and the record filed in that court on October 7, 1885. The clerk of the Superior Court certifies the record, so filed, "to be a true, perfect and complete transcript of the record" in the case of *Miller* v. *Blake*.

The record did not show, that any replication had been filed to the special plea. The issues were not made up. As

neither Blake nor his attorney was present at the trial, there was no waiver of the objection, that there was no replication. It follows, that the trial was irregular, and the judgment was erroneous. (*Strohm* v. *Hayes*, 70 Ill. 41.) ' It was to be presumed, that the record was a complete transcript, until there was "some evidence, as by affidavit, to the contrary." *Von-Glahn* v. *Von Glahn*, 40 Ill. 73.

On March 9, 1886, the Appellate Court made an order, allowing a motion, theretofore made by defendant in error, suggesting a diminution of the record, and for leave to file an additional record instanter. On March 2, 1886, defendant in error filed in the Appellate Court what is called by counsel a supplemental record, attached to which is a certificate of the clerk of the Superior Court, dated February 9, 1886, certifying the same to be a copy of "certain affidavits and replications now on file in my office and a certain order, made and entered of record in said court," in the case of *Miller* v. *Blake*.

The supplemental record recites, that, on October 6, 1885, there were filed in the clerk's office of the Superior Court two affidavits, alleging, that replications to the pleas had been drawn, and were seen among the files a short time before the trial. The supplemental record also recites, that, on October 7, 1885, being one of the days of the October term of the Superior Court, and more than four months after the term, at which the judgment was entered, had passed, the Superior Court entered the following order: "On motion of plaintiff's attorney, it is ordered, that leave be and is hereby given the plaintiff to file herein a replication and affidavit." Then follows a further recital, that, on October 7, 1885, there was filed the affidavit of Charles E. Pickard, stating that certain replications thereto annexed "are a substantial copy" of the replications theretofore prepared by him, and which he had seen among the files on the afternoon of the trial.

There is nothing to show, that the defendant below, or his attorney, had any notice of the order of October 7, 1885. The

copy of the replication could "be supplied in place of the original only by order of court, upon notice and proof." (*Long* v. *Sutter*, 67 Ill. 185.) It is to observed, also, that the order contains no finding by the court, that the original replication was lost, and that the copy presented was a correct or substantial copy of the lost original; nor does it grant any leave to file such copy, in the place of the original, *nunc pro tunc*, as of some day prior to the trial. On its face, the order appears to give the plaintiff leave to file a new replication, long after "the case had passed out of the control of the court, and was no longer on the docket." (*Cox* v. *Brackett*, 41 Ill. 222.) After judgment, and after the term had passed, at which judgment was rendered, the court had no power to permit the filing of a replication. *Cairo and St. Louis Railroad Co.* v. *Holbrook*, 72 Ill. 419.

We think the Appellate Court erred in affirming the judgment of the Superior Court. The judgments of both courts are, therefore, reversed, and the cause remanded to the Superior Court of Cook county.

*Judgment reversed.*