## John Condon v. Louis M. Cohn.

1. PRACTICE—*Forcing Cause to Trial Without Replication to Plea of Set-off.*—Where, to a declaration consisting of one special count and the usual common counts, the defendant pleaded the general issue and payment, and subsequently by leave of court, filed a plea of set-off, issue was joined upon the first plea, but no replication was filed to the plea of set-off. *Held*, error to force the cause to trial upon the short cause calendar over his objection, without a replication to such plea.

**Assumpsit,** upon due bill.—Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed April 17, 1900.

EDWARD H. MORRIS, attorney for plaintiff in error.

LOUIS M. COHN, attorney *pro se.*

MR. JUSTICE SHEPARD delivered the opinion of the court.

This was an action of assumpsit. To the declaration, consisting of one special count and the usual common counts, the defendant (plaintiff in error) pleaded the general issue, and payment.

Subsequently by leave of court the defendant filed a plea of set-off. Issue was joined upon the first pleas, but no replication was ever filed to the plea of set-off.

The defendant never having consented to a trial without a replication to such plea, and never having in any manner waived the lack of the replication, it was error to force the cause to trial upon the short cause calendar, over his objection and without his participation, as was done. Seavey v. Rogers, 69 Ill. 534; Blake v. Miller, 118 Ill. 500; Sammis v. Clark, 17 Ill. 398; Peck v. Hubbard, 4 Ill. App. 566; Reynolds v. Anspach, 14 Ill. App. 38.

Reversed and remanded.