## A. G. French et al. v. W. E. Scobey.

1. PLEADING—*Generally Error to Go to Trial Without Issues Joined —Exception.*—As a general rule of pleading and practice it is error to proceed to the trial of a cause until an issue of fact is formed on each of the pleas filed. This rule does not apply where the parties voluntarily go to trial without formal written issues being joined. In such case the parties are treated as if they had agreed to try the cause without formal issues joined, or had agreed the case should be treated as if proper pleadings had been filed.

2. SAME—*Party Forced to Trial Without Issues Joined Waives None of His Rights.*—Where a party is forced to trial without issues joined, against his will, or does not participate in the trial, he waives none of his rights, and it is error in such case to go to trial without replications to special pleas.

Assumpsit, on a promissory note. Error to the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge presiding. Heard in this court at the April term, 1903. Reversed and remanded. Opinion filed June 8, 1903.

T. F. DONOVAN and T. W. SHIELDS, attorneys for plaintiffs in error; PAYSON & KESSLER, of counsel.

EBEN B. GOWER, attorney for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

W. E. Scobey recovered a judgment in the court below by confession, against Mrs. A. G. French and Cora French for $143.68 and costs, on a note for the principal sum of $125.53. Afterward, on motion of defendants, the judgment was opened and they were let in to plead, and they filed pleas, first, of payment; second, of a want of consideration; and third, of a want of consideration except as to $50 of said note. Plaintiff by leave of court amended his declaration by filing the consolidated common counts, and defendants filed a plea of non-assumpsit thereto. On

French v. Scobey.

October 18, 1901, defendants moved for a continuance and filed affidavits showing that Mrs. A. G. French, one of the defendants, was ill and unable to attend court at that time, and showing that she would testify in support of said special pleas. The motion was denied. The cause was then called for trial on the same day, and was tried by a jury. The bill of exceptions shows defendants did not participate in the trial in person or by counsel. The jury returned a verdict for plaintiff for $176.55. Defendants entered their motion for a new trial. At the time of the trial there were on file no replications to said special pleas. On November 20, 1901, plaintiff moved for leave to file replications, and filed in support of his motion the affidavit of his attorney to the effect that after the special pleas were filed he prepared replications thereto, and believed they were filed, and he had searched his office for them and was unable to find them, and he believed he deposited them in the office of the circuit clerk to be filed. On November 22, 1901, leave was given to file replications and replications were filed. The motion for a new trial was then denied. Plaintiff then had judgment against defendants for $176.55 and costs. This is a writ of error sued out by defendants to reverse the judgment.

As a general rule of pleading and practice it is error to proceed to the trial of a cause until an issue of fact is formed on each of the pleas filed. (Seavey v. Rogers, 69 Ill. 534.) This rule does not apply where the parties voluntarily go to trial without formal written issues being joined. In such case the parties are treated as if they had agreed to try the cause without formal issues joined, or had agreed the case should be treated as if proper pleadings had been filed. (Funk v. Babbitt, 156 Ill. 408; Supreme Court of Honor v. Barker, 96 Ill. App. 490.) But where a party is forced to trial against his will, or does not participate in the trial, he waives none of his rights, and it is error in such case to go to trial without replications to special pleas. Seavey v. Rogers, *supra;* Blake v. Miller, 118 Ill. 500; Maxwell v. Habel, 92 Ill. App. 510.

While plaintiff's attorney stated in his affidavit that he

believed he had filed replications before the trial, yet he did not state that those which he asked leave to file a month after the trial were substantial copies of those originally filed, nor did he ask leave to supply lost originals, nor did the court by its order find that replications had been filed before the trial, and these were substantial copies thereof, nor did the court grant leave to file these *nunc pro tunc* in place of the originals, and as of some day before the trial. The order on its face simply gave leave to file replications, long after the trial. In these respects the case resembles Blake v. Miller, *supra*. But, further, the replications so filed to the second and third pleas, namely, to the pleas of want of consideration, and want of consideration except $50 of the sum included in said note, are bad. The replication so filed to the second plea is as follows :

"And the plaintiff as to the plea of the defendants secondly above pleaded, says that he, the plaintiff, by reason of anything in that second plea alleged, ought not to be barred from having his aforesaid action; and this the plaintiff prays may be inquired of by the country."

The replication to the third plea is in like form. Neither states anything in answer to the plea. It follows the usual form till it comes to the place where the denial of the averments of the plea or new matter in answer thereto should be inserted, and then the denial or new matter is omitted. No issues of fact were ever joined upon the pleas of want of consideration, and want of consideration except $50, and as defendants did not participate in the trial, they did not waive their right to have issues formed, and the case stands as if those pleas had been confessed. (Lindsay v. Stout, 59 Ill. 491; Williams v. Boyden, 33 Ill. App. 477.) It follows that the judgment can not stand.

The affidavits for a continuance did not show that the deposition of Mrs. French could not have been taken after she became ill and before the trial, and if proper replications had theretofore been filed it would not have been error to deny the continuance. But her testimony was to relate to the matter set up in the special pleas, and we hold defendants were not required to take her deposition till

issues were joined thereunder. Defendants could not know but the averments of the pleas might be admitted and new matter set up in defense, obviating the necessity of proof of the pleas and requiring proof upon some different subject.

The judgment is reversed and the cause remanded.