## Rouse, Hazard & Co., Plaintiff in Error, v. Ozias Riley, Defendant in Error.

Trial—*when error to proceed.* If the plaintiff has not replied to the defendant's plea it is error to proceed to trial and enter a judgment for costs against him if he does not participate in such trial.

Action in debt. Error to the Circuit Court of Champaign county; the Hon. Solon Philbrick, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed May 19, 1909.

Charles A. Kimmel, for plaintiff in error.

Walter B. Riley and Henry I. Green, for defendant in error.

Mr. Justice Baume delivered the opinion of the court.

This was an action in debt brought by plaintiff in error against defendant in error in the Circuit Court of Champaign county to recover upon a judgment obtained in said court against defendant in error for the sum of $917.79. Plaintiff in error filed its declaration on August 22, 1907, and upon the same day summons was issued and placed in the hands of the sheriff to execute for the appearance of the defendant in error in said court on the first Monday in September, 1907. On August 23, 1907, being the last day of service for the September term of said court, the said summons was returned by the sheriff with the endorsement thereon that the defendant in error was not found in the county. On September 9, 1907, defendant in error filed his plea of the general issue, together with seven special pleas to the declaration. On September 28, 1907, plaintiff in error not having filed its similiter to the general issue nor its replications to said special pleas, and in the absence of plaintiff in error and its attorneys, a jury was impaneled to try the

cause, and upon a verdict returned finding the issues for the defendant in error, the court, on October 29, 1907, rendered judgment against plaintiff in error for costs. On the following day the court adjourned for the term.

Plaintiff in error not having voluntarily gone to trial without filing a similiter to the general issue and replications to the special pleas, it was error to proceed with the trial of the cause without issue joined. The proper practice required defendant in error to have taken a rule on plaintiff in error to answer the pleas filed, and upon the failure of plaintiff in error so to do, to move the court to dismiss the cause for want of prosecution. Seavey v. Rogers, 69 Ill. 534; French v. Scobey, 108 Ill. App. 606.

The judgment of the circuit court will be reversed and the cause remanded.

*Reversed and remanded.*