THE HAGEN PAPER COMPANY, Appellee, *vs.* THE EAST ST. LOUIS PUBLISHING COMPANY, Appellant.

*Opinion filed October 27, 1915.*

1. APPEALS AND ERRORS—*when it will be presumed that issue was joined.* If the judgment in a suit at law recites that issue was joined and the cause heard by the jury, it will be presumed on appeal, even though there is no *similiter* in the record to the plea of the general issue, that the issue was joined or that the filing of the *similiter*, which is considered a matter of form, was waived.

2. SAME—*alleged error in ruling on the pleadings is preserved without a bill of exceptions.* Alleged error in overruling a demurrer to a replication is preserved for review without a bill of exceptions, as the object of a bill of exceptions is to preserve for review such matters as occur during the trial which do not appear in the record proper.

3. SAME—*in absence of a bill of exceptions it will be presumed the evidence was sufficient.* In the absence of a bill of exceptions it will be presumed, on appeal in a suit at law, that the plaintiff introduced evidence sufficient to justify the judgment.

4. PLEADING—*when a replication amounts to a plea of confession and avoidance.* A replication to a plea of *nul tiel* corporation, which admits that the plaintiff is a foreign corporation not having an office in Illinois but which alleges that the contract sued upon was made and entered into and is performable in the foreign State, amounts to a plea of confession and avoidance, and if established by the evidence will authorize the plaintiff to maintain the suit.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on writ of error to the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding.

JAY F. VICKERS, for appellant.

W. L. COLEY, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Appellee, the Hagen Paper Company, brought an action in assumpsit against appellant, the East St. Louis Publishing Company, in the city court of East St. Louis. The declaration alleged appellee (hereafter called plaintiff) was a Missouri corporation, and that appellant (hereafter called defendant) on December 6, 1911, in St. Louis, Missouri, gave plaintiff eight promissory notes payable at the office of plaintiff in St. Louis, Missouri, the aggregate amount of said notes and interest being $543.26, which was due and owing, and asked judgment for said amount. The declaration contained the usual common counts. Defendant filed the general issue and a special plea alleging plaintiff was a Missouri corporation organized for profit, not engaged in inter-State commerce, and that the merchandise for which the notes were given, sought here to be collected, was bought within the State of Illinois; that the complainant had not complied with the provisions of our statute applicable to foreign corporations doing business in this State and therefore could not maintain its suit. Plaintiff thereupon filed a replication to defendant's special plea of *nul tiel* corporation, in which it alleged the declaration showed it to be a Missouri corporation, and also showed the eight notes upon which suit was brought were made payable at plaintiff's office in the city of St. Louis, Missouri, and not in Illinois, and that it further appears on

the face of the declaration that the contract between plaintiff and defendant was made in the State of Missouri. From the record it appears the defendant next filed another special plea similar to its plea of *nul tiel* corporation. While it does not clearly so appear, we think plaintiff's replication was made to extend to this special plea. Defendant demurred to the replication to the special plea. The demurrer was overruled by the court. The record does not contain a bill of exceptions, but the judgment of the court as found in the record recites that "on the 22d day of November, 1912, comes the parties, and the issues being joined the court orders a jury, who are duly selected and sworn to try the issues herein, and the jury having heard the evidence and arguments of counsel, return a verdict in favor of plaintiff for $543.26." From this judgment defendant appealed to the Appellate Court for the Fourth District, where the judgment was affirmed, and the record is brought here for review by appeal, upon a certificate of importance.

Defendant assigns as error the ruling of the trial court in overruling its demurrer to the replication, and also claims that issue was not joined on the plea of *non assumpsit*. Plaintiff insists this assigned error has not been saved for review because not embodied in a bill of exceptions, but that if saved, the court did not err in overruling the demurrer, and further insists that a *similiter* was filed to the general issue.

The record and abstract are unsatisfactory and incomplete, and while no *similiter* to the plea of *non assumpsit* is to be found in the record, the judgment of the trial court recites that issues were joined and the cause heard by a jury. We must indulge the presumption that issue was joined, or that defendant, by proceeding to trial, waived the filing of the *similiter* to the general issue. However, the acceptance of issue, when well tendered, by adding a *similiter*, is considered a mere matter of form. (20 Ency.

of Pl. & Pr. 263; *Gillespie* v. *Smith,* 29 Ill. 473; *Nieman* v. *Wintker,* 85 id. 468.) We think defendant's assigned error to the ruling of the court in overruling its demurrer to plaintiff's replication is saved for review and need not be incorporated in a bill of exceptions. The object of a bill of exceptions is to preserve in the record such matters as occur during the trial which are not a part of the record, and in such case the erroneous ruling must be excepted to; (*McChesney* v. *City of Chicago,* 151 Ill. 307;) but in a suit at law the record proper includes the declaration, pleas, demurrer, (if any,) judgment upon demurrer, or other judgment, interlocutory or final, (*Baldwin* v. *McClelland,* 152 Ill. 42,) and an alleged error based upon a judgment rendered on the pleadings is reviewable upon appeal without a bill of exceptions. *Hamlin* v. *Reynolds,* 22 Ill. 207; *Baker* v. *People,* 105 id. 452; 3 Ency. of Pl. & Pr. 406.

The record shows evidence was introduced by plaintiff but it was not preserved by bill of exceptions. One of the errors assigned by defendant is that the court erred in denying defendant's motion to exclude plaintiff's evidence. Plaintiff insists that under the state of the record the questions sought to be raised by the assignments of error have not been preserved for review. We have, however, examined the replication to which the demurrer was overruled, and while it is faulty in form, it attempts to, and does substantially, confess and avoid the plea of *nul tiel* corporation. It admits plaintiff is a Missouri corporation, having an office in that State and not in the State of Illinois, and alleges the action is based upon a contract made and entered into and performable in the State of Missouri. The objectionable feature of the replication is its reference to facts alleged in the declaration to constitute or aid plaintiff's plea in confession and avoidance. Without such reference or aid from the declaration, however, we think it a plea of confession and avoidance and that

the demurrer was properly overruled by the trial court. Under the pleadings plaintiff might introduce evidence to show its right to maintain its action and that it was not required to comply with the statute dealing with the right of foreign corporations to transact business in this State. There being no bill of exceptions we must indulge the presumption plaintiff introduced proof sufficient to justify the judgment entered.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*