Joseph Stein, Plaintiff in Error, v. John E. Traeger,
Sheriff, and Edward R. Litzinger, Defendant in
. Error.

Gen. No. 24,870.

1.  DISMISSAL, NONSUIT AND DISCONTINUANCE, § 2*—*when court
may dismiss.* Where there is no issue joined, there is no contest,
and all the court can do in the way of a final act is to dismiss
the proceedings.

2.  JUDGMENT, § 286*—*when judgment will not be set aside.*
Where an issue is precipitated by the pleadings in a cause, it is
ready for actual trial and is reached for trial on the regular call
of the calendar and there is no default, the personal absence of
plaintiff when the case is reached for trial in its regular course is
no ground for setting aside the judgment rendered therein.

3.  REPLEVIN, § 153*—*when judgment for damages may be en-
tered.* When an action of replevin, which is at issue, is reached
on the regular call of the calendar and defendant's plea prays a
return of the goods together with his damages, even though plain-
tiff is personally absent when the case comes to trial, judgment
may, under Rev. St. ch. 119, sec. 22 (J. & A. ¶ 9207), be entered
for defendant for the damages to which the evidence shows him
entitled by reason of the wrongful taking of the property.

4.  APPEAL AND ERROR, § 788*—*when bill of exceptions is neces-
sary.* Where, in an action of replevin, plaintiff's affidavit for re-
plevin and his declaration state that a certain defendant wrongfully
took and detained the goods and such defendant denies the allega-
tions and alleges ownership of the goods in himself, to which plea
plaintiff files a replication concluding to the country, and the case

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

tried by a jury and a verdict is found for defendant and a judg-
ment entered thereon, such judgment will not be disturbed by the
Appellate Court in the absence of a bill of exceptions, on the con-
tention that such defendant was not a necessary party and judg-
ment could not be rendered in his favor.

Error to the Circuit Court of Cook county; the Hon. CHARLES M.
WALKER, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1919. Affirmed. Opinion filed April 21, 1920.
Rehearing denied May 4, 1920. *Certiorari* denied by Supreme Court
(making opinion final).

JOHN A. BLOOMINGSTON, for plaintiff in error.

LITZINGER, HEALY & REID, for defendant in error;
JAMES J. FINN, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the
court.

On July 15, 1916, the plaintiff, Joseph Stein, filed
an affidavit for replevin in the circuit court claiming
that he was the owner of and entitled to the posses-
sion of certain metal, machinery and merchandise of
the value $3,000. On the same day a writ of replevin
was duly issued out of the circuit court and on July
20, 1916, a declaration was filed alleging, among other
things, that the defendants, John E. Traeger, as sher-
iff of Cook county, and Edward R. Litzinger, on July
15, 1916, took and unjustly detained the property in
question. On July 24, 1916 (sic), the plaintiff filed a
replevin bond in the sum of $6,000. On August 22,
1916, defendant Litzinger pleaded that he did not take
the goods in the manner charged; that he did not
wrongfully detain them and that they were not the
property of the plaintiff but belonged to him. On
August 23, 1916, the defendant John E. Traeger
pleaded that he did not take the goods mentioned in
the manner charged; that he did not wrongfully de-
tain them in the manner charged but took them pur-
suant to a writ of replevin issued out of the circuit

court in the case of *Litzinger v. Ellguth et al.* On November 8, 1916, the plaintiff, as to the first and second pleas, filed a *similiter*, and, as to the third plea, set up that the property belonged to him. On May 25, 1918, B. M. Shaffner, the attorney of record for the plaintiff, served notice on the plaintiff and the attorneys for the defendant that at 10:00 o'clock May 27, 1918, before Judge Walker, he would withdraw his appearance for the plaintiff. That notice recites that a copy of it was served upon the plaintiff by being mailed to his address on May 24, 1918. On May 27, 1918, an order was entered as follows: "On motion of B. M. Shaffner, Esq., it is ordered that leave be and the same is hereby given him to withdraw his appearance as attorney for the plaintiff."

On June 10, 1918, the following order was entered:

"This cause being called for trial *ex parte* and the plaintiff failing to prosecute his suit in this behalf, it is ordered by the court that this suit be and the same is hereby dismissed as to the defendant, John E. Traeger, without costs.

"Thereupon comes the defendant, Edward R. Litzinger, by his attorney and issues being joined herein, it is ordered that a jury come, whereupon come the jurors * * * who being duly elected, tried and sworn well and truly to try the issues joined herein and a true verdict render according to the evidence, after hearing all the evidence adduced say: We, the jury, find the defendant, Edward R. Litzinger, not guilty and that the right to the possession of the property in question is in the defendant and assess the defendant's damages for the detention thereof at the sum of $23,000," etc.

That order further provided that the defendant Litzinger recover from the plaintiff the property replevied and have and recover from the plaintiff damages in the sum of $23,000 for the detention of the property, together with his costs and charges, and that a writ of *"retorno habendo* (sic) issue for the

return of the property." On June 11, 1918, the attorneys for the defendants were notified through a notice signed by the plaintiff and B. M. Shaffner, attorney for the plaintiff, that at 10:00 o'clock June 12, 1918, before Judge Walker, "I shall move to set aside and vacate the judgment and verdict entered herein on June 10, 1918." On June 14, 1918, a written motion was filed in the office of the clerk of the court on behalf of the plaintiff by B. M. Shaffner, his attorney. It recited that he again entered his appearance for the plaintiff "and moves the court to set aside and vacate the judgment and verdict rendered herein on June 10, 1918, and for the following reasons:

"1.   The court was without jurisdiction in the absence of the plaintiff, to try said cause on the merits.

"2.   The court had no right or authority in the absence of the plaintiff to call a jury for the assessment of any damages herein.

"3.   Because the court should have dismissed said suit in the absence of the plaintiff and when said cause was called for trial for want of prosecution and order a *retorno habendo*.

"4.   The court had no right or authority in the absence of the plaintiff to dismiss said suit as to the defendant, John E. Traeger, as sheriff, as aforesaid."

On June 15, 1918, on motion of B. M. Shaffner, it was ordered that leave be given him to enter his appearance as attorney for the plaintiff. On June 19, 1918, an affidavit signed by the plaintiff was filed. That affidavit recited, among other things, that the plaintiff's action was a meritorious one; that on June 27, 1916, Ellguth and Vosburgh, officers of the Mutual Electric Company, assigned to Joseph Stein all their interests in the assets of the Mutual Electric Company, in trust, to convert a certain portion of the assets into cash and pay certain obligations and then turn over by assignment all the machinery, etc., remaining to Vosburgh; that the plaintiff acting under the authority of that assignment on July 15, 1916, be-

gan the present action of replevin and obtained the property therein replevied; that the market value of that property was not over $2,500; that that property was obtained by replevin from Sheriff Traeger; that at the time of that replevin the sheriff had possession of the property by reason of a certain other replevin suit brought by Litzinger against Ellguth, Thompson and Vosburgh; that at the time the coroner replevied said property in the present suit the sheriff was in possession by reason of his suit brought by Litzinger in the superior court of Cook county, No. 323,477; that the property described in the affidavit of replevin in the latter suit is identical with that replevied by the coroner.

The affidavit further recites that B. M. Shaffner advised him, the plaintiff, that the present replevin suit upon being reached for trial had better be dismissed and that in the absence of the plaintiff the same would be dismissed; that it could not be tried in his absence; that, upon the dismissal and an order of *retorno habendo,* he could either surrender the property or be sued on the replevin bond and that in the latter case the same issues would arise as in the instant case.

On June 19, 1918, an affidavit signed by B. M. Shaffner was filed with the clerk of the circuit court. That affidavit recites that, owing to the discovery that Ellguth, a material witness for the plaintiff, would not testify for him, he informed the plaintiff that the replevin suit had better be dismissed and then try out the same issues in his suit upon the replevin bond, and, further, told the plaintiff that it would be better that the replevin suit be dismissed "and that when said latter suit would be reached for trial the plaintiff would have ample time to procure evidence to prove that said property belonged to said Mutual Electric Company."

On June 19, 1918, the following order was entered:

"On motion of B. M. Shaffner, Esquire, it is ordered that leave be and the same is hereby given him to file the affidavits of B. M. Shaffner and Joseph Stein.

"Thereupon this cause coming on to be heard upon the plaintiff's motion to set aside and vacate the judgment heretofore entered herein on June 10th, A. D. 1918. After arguments of counsel and due deliberation by the court it is ordered that said motion be overruled and denied and the judgment heretofore rendered herein on June 10th, A. D. 1918, is to stand in full force and effect to which ruling of the Court the plaintiff here and now duly accepts."

From that order and the judgment of June 10, 1918, a writ of error was prosecuted. On January 17, 1919, on motion of the defendant, the affidavits of Stein and Shaffner were stricken from the common-law record, but not from the bill of exceptions. The bill of exceptions was allowed to stand. It remained *in toto,* and counsel for the plaintiff is in error, in stating that it was in any part stricken.

It is contended (1) that there was no notice to the plaintiff of an inquisition of damages; (2) that the plaintiff having failed to appear, judgment should have been given as in case of nonsuit, and (3) that the defendant Litzinger was not a proper party defendant and on the face of the record not entitled to judgment.

We shall consider the question of the inquisition of damages and whether judgment should have been given as in case of a nonsuit, together. It is admitted in the brief of counsel for the plaintiff that the cause was reached for trial in its regular course, but it is claimed that, as the plaintiff was not present, the cause should have been dismissed for want of prosecution or judgment entered as in case of a nonsuit. Of course, where there is no issue joined there is no contest and all the court can do in the way of a final act is to dismiss the proceedings. *People v. Reuter,* 88

Ill. App. 588. In the instant case, however, the cause was at issue and was reached for trial on the regular call of the calendar. There was no default. An issue was precipitated by the pleadings and everything was ready for an actual trial. The personal absence of the plaintiff at the time when his case was reached for trial in its regular course is no ground for setting aside the judgment of the court. Many cases have been cited by counsel for the plaintiff, beginning with *Peck v. Hubbard,* 4 Ill. App. 566, but it will be found upon examination of them that either the cause was not at issue or was not reached upon the regular trial call, or both. The Replevin Statute (sec. 22, ch. 119, J. & A. ¶ 9207) provides: ''If the plaintiff in his action of replevin fails to prosecute his suit with effect   *   *   *   judgment shall be given for a return of the property and damages for the use thereof from the time it was taken until a return thereof shall be made,'' etc. In the instant case, the plaintiff was not present when it came up on the regular call of the docket and, of course, no motion for a nonsuit was made and, under the circumstances, having, in the language of the statute, failed to prosecute his suit with effect, and a trial having then taken place, upon issue joined, and an appropriate judgment entered, we are not, under the law, entitled to reverse it. Inasmuch as the cause was at issue, that it came up for a hearing upon the regular call of the docket, that the issues precipitated by the pleadings were tried by a jury, that a verdict was rendered and a judgment duly entered thereon in the regular course of judicial procedure, it must stand. It is argued by counsel for the plaintiff that if a trial actually took place it could only be concerning the issue made by the plaintiff's declaration and the defendant's plea and that it was error to assess damages on a motion of the defendant, to which motion the plaintiff neither answered nor appeared. The plea of the defendant Litzinger, how-

ever, contains the following: "And he also prays a return of the said goods and chattels, together with his damages and costs in this behalf, according to the form of the statute in such case made and provided, to be adjudged him, etc.," and, to that plea, the plaintiff filed a replication, thus putting in issue the question of statutory damages. It follows, therefore, that according to the pleadings and pursuant to the statute, it was entirely proper that the subject of damages should be considered and judgment entered for whatever damages the evidence showed the defendant had suffered by reason of the wrongful taking of the property.

(3) Was the defendant Litzinger a necessary or a proper party and could judgment properly be rendered in his favor? In the plaintiff's affidavit for replevin and in his declaration it is stated that Litzinger wrongfully took and wrongfully detained the goods and chattels therein described. Those allegations the defendant Litzinger denied but alleged ownership of the property in himself. To Litzinger's plea the plaintiff filed a replication concluding to the country. That made an issue of fact and having been tried by a' jury and a verdict rendered in favor of Litzinger and judgment entered thereon we are not now entitled to disturb it. The question of ownership having been made an issue and decided in favor of Litzinger, we are not now able to say, in the absence of a bill of exceptions showing the evidence heard at the trial, that any error was committed at the time of the trial. The sheriff had been dismissed out of the suit and therefore made no claim to the property.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE THOMSON and MR. JUSTICE O'CONNOR concur.