**Marjorie Stare, Appellee, v. Andrew Vayda, trading as Aurora Yellow Cab Company, Andrew Yellow Cab Company and Andrew Limousine Taxi Service, Appellant.**

### Gen. No. 7,304.

PLEADING—*similiter as requisite to joinder of issues on plea of general issue in negligence case.* In an action for damages for negligence, it was error for the court to proceed to trial in the absence of defendant without issue being joined by the filing of a *similiter* to the plea of the general issue.

Appeal by defendant from the City Court of Aurora; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1923. Reversed and remanded. Opinion filed July 26, 1924.

MIGHELL, GUNSUL & ALLEN, for appellant.

CHARLES A. O'CONNOR and ARTHUR B. REID, for appellee.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

This suit was instituted by Marjorie Stare, appellee, against Andrew Vayda, appellant, to recover for injuries alleged to have been sustained by appellee by reason of the negligence of appellant in driving a taxicab over her and breaking her limb. The injury complained of was occasioned December 25, 1921.

The suit was commenced September 7, 1922. Appellant by his attorney filed the general issue in September, 1922. On December 4, 1922, counsel for appellant asked to withdraw from the case and on January 13, 1923, the motion was granted with the consent of appellant. The case had been set for trial for January 17, 1924, and on the day of the trial the appellant did not appear either in person or by counsel. No

*similiter* was filed to the general issue but a trial was had before a jury and a verdict was rendered in the sum of $5,500.

On January 25, 1923, appellant made a motion for a new trial and in support thereof on May 18, 1923, filed his affidavit. The court overruled the motion for a new trial and judgment was rendered on the verdict of the jury and this appeal followed. A number of errors are assigned by appellant why a new trial should have been granted and for a reversal of the judgment.

In view of the conclusion we have reached, it will not be necessary to discuss but one reason relied upon by appellant for a reversal of the judgment. It is insisted by appellant that it was error to permit the trial to be had in the absence of the defendant or counsel because appellee had failed to file a replication or *similiter* to appellant's plea. The record discloses that the plea of the general issue was on file. The record fails to disclose that issue was joined by appellee by filing a *similiter*. The record shows that the trial was had in the absence of the appellant and in the absence of counsel representing him. It is the contention of appellee that it was not error for the court to permit the case to proceed to trial without a *similiter* because the lack of a *similiter* does not confess the prior pleading. A number of cases relied upon by appellee in support of her contention are cited. We have examined them and it appears that the party urging the point either entered upon the trial of the case thereby waiving it, or was present by himself or counsel in court and refused to participate in the trial.

In the case of *Salomon v. McCormick*, 95 Ill. App. 332, a proceeding in distress for rent, the declaration consisted of the common counts in assumpsit. To this the defendant filed a plea of the general issue and a special plea of new matter. No issue upon either of

the pleas was ever joined, nor was any disposition ever made of the special plea. In the absence of the defendant or counsel a verdict was rendered in favor of the plaintiff. On appeal the judgment was reversed, the court saying:

"In this condition the cause was not at issue and was not ready for trial. The cause was nevertheless called for trial, in the absence of the defendant, or any counsel representing him, and evidence was heard and a verdict and judgment rendered in favor of appellee.

"This was error, there being no waiver of the objection that there was no replication to the special plea or other disposition made of it. *Blake v. Miller,* 118 Ill. 500; *Condon v. Cohn,* 88 Ill. App. 333, and cases cited."

The case of *Blake v. Miller,* 118 Ill. 500, was an action of assumpsit upon a note of $1,000, to which defendant filed two pleas, the general issue and a special plea, setting up failure of consideration. A trial was had and judgment rendered in favor of the plaintiff in the absence of both the defendant and his counsel. In reversing the judgment the court said:

"The record did not show that any replication had been filed to the special plea. The issues were not made up. As neither Blake nor his attorney was present at the trial, there was no waiver of objection that there was no replication. It follows that the trial was irregular and the judgment was erroneous."

It may be suggested that in each of the foregoing cases there was a failure to file a replication to special pleas, as distinguished from the general issue, and that, therefore, inasmuch as in the case at bar appellant did not file any special plea, but merely the general issue, such cases have no application. However, in the case of *Rouse, Hazard & Co. v. Riley,* 149 Ill. App. 439, it appeared that the plaintiff brought an action in debt against the defendant, who filed a plea of the general issue, together with seven special pleas

to the declaration. Before the plaintiff had filed a *similiter* to the general issue or replications to the special pleas, and in the absence of the plaintiff and its attorneys, a jury was impaneled to try the cause, and upon a verdict returned, finding the issues for the defendant, the court rendered judgment against the plaintiff for costs, from which an appeal was prosecuted. In reversing the judgment, the court said:

"Plaintiff in error (plaintiff below) not having voluntarily gone to trial without filing a *similiter* to the general issue and replications to the special pleas, it was error to proceed with the trial of the cause without issue joined."

The contention of appellant also finds support in the case of *Hagen Paper Co. v. East St. Louis Pub. Co.,* 269 Ill. 535, and at page 537 of said opinion the court said: "The record and abstract are unsatisfactory and incomplete, and while no *similiter* to the plea of nonassumpsit is to be found in the record, the judgment of the trial court recites that issues were joined and the cause heard by a jury. We must indulge the presumption that issue was joined or that defendant, by proceeding to trial, waived the filing of the *similiter* to the general issue."

*Nieman v. Wintker,* 85 Ill. 468, was a suit in assumpsit on three promissory notes. Suits were brought to the April term of the circuit court, 1876, of Washington county, and at that term nonassumpsit and two special pleas concluding to the country were pleaded, after which by agreement of the parties the case was continued. At the next term the cause was continued on motion of plaintiff in error. At the next term, being April term, 1877, the suit was dismissed for want of prosecution. It was claimed the court erred in dismissing the suit for the want of prosecution because the pleas had not been replied to. It will be observed the pleas all concluded to the country and that there was no *similiter* or replication filed. The judgment of the lower court was affirmed.

From the authorities cited herein it appears that under the facts in this case the rule contended for by appellant applies; that it was error for the court to proceed to trial in the absence of the defendant, without issue being joined by the filing of a *similiter* to the plea of the general issue.

We conclude, therefore, that the court erred in refusing to grant a new trial, and that the judgment of the City Court of the City of Aurora should be reversed and the cause remanded, which is accordingly done.

*Reversed and remanded.*