## C. A. Hansberry, Defendant in Error, v. Isaac H. Holaway, Plaintiff in Error.

### Gen. No. 31,601.

1. PLEADING—*necessity of filing similiter to plea.* It is not error to proceed with the trial of an action for broker's commissions in the absence of the defendant without a *similiter* having been filed to the plea of the general issue.

2. FRAUD AND DECEIT—*broker's loss of commissions by purchaser he secured buying the property through a dummy.* A real estate broker has a cause of action for the amount of his commission against the purchaser he secures, where the purchaser refuses to go through with the deal although accepted by the seller and shortly thereafter, for the purpose of defrauding the broker, purchases the property through a third person, fraudulently concealing from the seller that he, the purchaser secured by the broker, is the real purchaser and obtaining with or through the dummy the commission which was earned by the broker. MATCHETT, P. J., dissenting.

Error by defendant to the Superior Court of Cook county; the Hon. JACOB HOPKINS, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Affirmed. Opinion filed October 10, 1927. Rehearing denied and opinion modified October 24, 1927.

A. G. DICUS, for plaintiff in error.

GORMAN, SCHMIDT & McGRATH, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action on the case against the defendant to recover $1,500 which he claimed he had earned as a real estate broker in selling a piece of real estate and out of which he had been defrauded by the defendant.  Plaintiff filed his declaration on June 26, 1925, and the defendant on July 7, 1925, filed his plea of not guilty.  On May 27, 1926, it appears from the record the cause was called for trial; that the plaintiff and his attorney appeared but that the defendant did not appear nor was he represented by counsel.  The record then states: "And issues being joined it is ordered that a jury come, whereupon come the jurors of a jury of good and lawful men to-wit:    *    *    * who being duly elected tried and sworn well and truly to try the issues joined herein and a true verdict render according to the evidence after hearing all of the evidence adduced say 'We the jury find the defendant guilty and assess the plaintiff's damages at the sum of fourteen hundred and ten dollars.' "   Judgment was entered upon this verdict.  On July 17, 1926, the defendant entered its motion to vacate the judgment and it was continued to October 6, 1926, when the motion was overruled.  Afterwards a writ of error was sued out from this court to reverse the judgment.

The defendant urges two points why the judgment should be reversed: (1) That the court erred in trying the case in the absence of the defendant without a *similiter* having been filed to its plea of the general issue; and (2) that the declaration does not state a cause of action.

1. In support of his contention that it was error to proceed with the trial of the case in the absence of the defendant without a *similiter* having been filed to the plea of the general issue, counsel cites the case of *Stare v. Vayda,* 234 Ill. App. 309.  That was a personal injury case brought to recover damages for personal

injuries. To the declaration the defendant filed the general issue. Afterwards the case came on for trial and neither the defendant nor his counsel appeared. The case was tried and there was a verdict and judgment in plaintiff's favor for $5,500. The court held it was error to try the case in the absence of the defendant, there being no *similiter* to the plea of the general issue, and the judgment was reversed. We are unable to agree with the holding in that case. The authorities cited in that opinion in support of the conclusion there reached do not, we think, support the holding. While technically considered a *similiter* should have been filed, yet it has long been held that the filing of a *similiter* to a plea of the general issue is a mere matter of form and certainly judgments ought not to be disturbed because some mere form has not been observed. In *Hagen Paper Co. v. East St. Louis Pub. Co.*, 269 Ill. 535, the court said (p. 537): "The record and abstract are unsatisfactory and incomplete, and while no *similiter* to the plea of *non assumpsit* is to be found in the record, the judgment of the trial court recites that issues were joined and the cause heard by a jury. We must indulge the presumption that issue was joined, or that defendant, by proceeding to trial, waived the filing of the *similiter* to the general issue. However, the acceptance of issue, when well tendered, by adding a *similiter*, is considered a mere matter of form." We think there was no error in proceeding with the trial in the absence of the defendant without the filing of a *similiter*.

2. Does the declaration state a cause of action. We think it does. The substance of the allegations of the declaration is that plaintiff was a licensed real estate broker; that he was employed by Wolff Shafer, the owner of a certain piece of real estate in Chicago, to sell the property and that Shafer agreed to pay plaintiff for his services in obtaining a purchaser the sum

of $1,500; that thereafter plaintiff submitted the property to the defendant as a prospective purchaser; that the defendant investigated the matter and agreed to buy it upon the terms submitted, and that afterwards Shafer accepted the defendant as a purchaser and was ready and willing to enter into a written contract for the sale of the property to the defendant, but that the defendant refused to go on with the deal; that a few months thereafter the defendant, through a third person, one Rosberg, fraudulently concealing from Shafer that he was in fact the purchaser rather than Rosberg to whom the transfer was made, bought the property; that the defendant before the transfer was made from Shafer to Rosberg, had Rosberg execute a conveyance of the property to the defendant; that the consideration for the property was paid by the defendant and that the defendant and Rosberg fraudulently received from Shafer the $1,500 commission.

From the foregoing it appears that plaintiff had rendered Shafer services for which he was entitled to receive $1,500; that the defendant for the purpose of defrauding plaintiff out of the $1,500 had a third person go to Shafer and buy the property for the defendant, concealing from Shafer that the defendant in reality was the purchaser of the property, and obtaining from Shafer the $1,500 which should have been paid to the plaintiff. These allegations tend to show that the defendant defrauded the plaintiff out of the $1,500, and the law is not so feeble as not to furnish plaintiff a remedy, on the contrary, the law "consulting the interests of morality" will compel the defendant in such circumstances to pay plaintiff the money he has wrongfully and fraudulently been deprived of. *Chudnovski v. Eckels,* 232 Ill. 312.

The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

McSURELY, J., concurs.

MR. PRESIDING JUSTICE MATCHETT dissenting: I do not think the declaration states a cause of action.