(No. 18659.—

C. A. HANSBERRY, Defendant in Error, *vs.* ISAAC H. HOLLOWAY, Plaintiff in Error.

*Opinion filed October 25, 1928—Rehearing denied Dec. 7, 1928.*

A. G. DICUS, for plaintiff in error.

GORMAN, SCHMIDT & McGRATH, for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Defendant in error, C. A. Hansberry, began an action on the case in the superior court of Cook county against plaintiff in error, Isaac H. Holloway, to recover $1500 which he claims to have earned as a real estate broker in selling real estate and out of which he was defrauded by plaintiff in error. The general issue was filed, the cause was called for trial, neither plaintiff in error nor his attorney appeared, a jury was impaneled, a verdict was returned for $1410, and judgment was entered on the verdict. After the expiration of the term plaintiff in error made a motion to vacate the judgment, the motion was overruled, a writ of error was prosecuted from the Appellate Court, where the judgment was affirmed, and the cause is brought to this court on a writ of *certiorari*.

It is urged that the court erred in trying the case, in the absence of plaintiff in error and his attorney, without a *similiter* having been filed to the plea. No *similiter* appears in the record but it recites that the case was tried upon issue joined. In *Blake* v. *Miller*, 118 Ill. 500, it was held that where the record failed to show the filing of a replication to a special plea, a trial and judgment in the absence of the defendant and his attorneys were erroneous and irregular, as there was no waiver of the replication by going to trial. It has been held that it is not error to go to trial without filing a *similiter* to a plea of not guilty or to

a negative plea. (*Nieman* v. *Wintker*, 85 Ill. 468; *Hazen & Lundy* v. *Pierson & Co.* 83 id. 241; *Gillespie* v. *Smith*, 29 id. 473; *Stump* v. *Kelley*, 22 id. 140; *Walker* v. *Armour*, 22 id. 658; *McCully* v. *Silverburgh*, 18 id. 306.) In *Hagen Paper Co.* v. *East St. Louis Publishing Co.* 269 Ill. 535, it was said on page 537: "The record and abstract are unsatisfactory and incomplete, and while no *similiter* to the plea of non-assumpsit is to be found in the record, the judgment of the trial court recites that issues were joined and the cause heard by a jury. We must indulge the presumption that issue was joined, or that defendants, by proceeding to trial, waived the filing of the *similiter* to the general issue. However, the acceptance of issue, when well tendered, by adding a *similiter*, is considered a mere matter of form." In the case at bar plaintiff in error did not appear for trial in person or by his attorney, and therefore he did not waive the filing of a *similiter*. Only the general issue was filed, and the failure to file a *similiter* before trial did not invalidate the judgment. The record recites that issue was joined, and under this recital the judgment cannot be reversed on the ground urged.

It is insisted that the declaration did not state a cause of action. The declaration alleged that defendant in error was a duly licensed real estate broker in the city of Chicago. On November 1, 1924, he was employed by Wolf Shafer to secure a purchaser for certain real estate at an agreed commission of $1500. He offered the premises to plaintiff in error, who was ready, willing and able to purchase for the price and on the terms specified and agreed to enter into a written contract with Shafer. Defendant in error on the faith of this offer, relying upon the same and believing the same to be true, submitted the offer to Shafer, who accepted it and was ready, willing and able to enter into the contract. Plaintiff in error, wholly regardless of his duty in the premises, wrongfully, fraudulently and without lawful reason failed and refused to enter into

the contract and informed defendant in error and Shafer that he would not purchase the premises, and defendant in error was prevented from receiving the commission which he otherwise would have received. It was further alleged that in February, 1925, plaintiff in error fraudulently and maliciously, with the purpose and intent of deceiving defendant in error and depriving him of his commission, purchased the premises from Shafer and took title in the name of Elmer Rosberg, fraudulently concealing from Shafer and defendant in error that plaintiff in error was the actual purchaser who paid the purchase price, and fraudulently concealing the fact that Rosberg had, before receiving the conveyance from Shafer, executed a conveyance to plaintiff in error, ·by reason whereof plaintiff in error and Rosberg fraudulently took and received from Shafer the commission to which plaintiff was lawfully entitled and wrongfully and fraudulently applied the same to their own use, by means whereof defendant in error was deceived and defrauded and sustained the loss of the commission.

A declaration must state all of the facts necessary to sustain the cause of action and the facts must be stated with certainty. A declaration which fails to allege a fact the existence of which is necessary to entitle plaintiff to recover does not state a cause of action. (*Allis-Chalmers Co.* v. *City of Chicago,* 297 Ill. 444; *Beveridge* v. *Illinois Fuel Co.* 283 id. 31; *Walters* v. *City of Ottawa,* 240 id. 259.) It is insisted that the declaration does not allege any duty owing by plaintiff in error to defendant in error; that it does not state the nature of any such duty or allege facts from which any duty arose; that plaintiff in error had the right to buy from Shafer if he saw fit to do so; that he was under no obligations to buy through defendant in error; that if everything alleged was true, the only right of action defendant in error had was against Shafer.

The allegation as to the employment of defendant in error by Shafer, the agreement of plaintiff in error to buy

338

and to enter into a written contract, that defendant in error relied on this agreement and submitted the offer to Shafer, who accepted it, and that plaintiff in error, regardless of his duty in the premises, refused to enter into the written contract, did not state a cause of action between plaintiff in error and defendant in error. No written contract was executed. A verbal agreement to buy was not binding on plaintiff in error under the Statute of Frauds. He was under no legal duty to buy. He had a legal right to refuse to carry out the verbal contract, if he saw fit, without incurring any liability to defendant in error for a commission. The allegations that in February, 1925, plaintiff in error fraudulently, with the purpose of deceiving defendant in error and depriving him of his commission, purchased the premises from Shafer in the name of Rosberg and concealed the fact that plaintiff in error was the actual purchaser, and that Rosberg conveyed to plaintiff in error, and plaintiff in error and Rosberg received a commission from Shafer, did not state a cause of action. The parties were dealing at arm's length, as entire strangers. No contractual relation existed between them. If plaintiff in error saw fit to buy directly from Shafer he had a right to do so. If Shafer was willing to ignore his agent and sell to plaintiff in error, that act did not make plaintiff in error liable to defendant in error in the absence of allegations of fact in the declaration which showed a legal liability. The declaration did not state a cause of action.

The judgment will be reversed and the cause remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*